BROWER v. BOULTON et al.

(Circuit Court of Appeals, Second Circuit. December 5, 1893.)

1. TRADE-MARKS—INTENTION TO APPROPRIATE.
Complainant's predecessors, flour dealers, in 1873, furnished 220 barrels of flour to a commission firm for export to Venezuela, branding the barrels, at the firm's direction, with the name "La Venezolana." In 1884, defendants, in ignorance of the former use of the word, gave the same name to a particular grade selected by them for export to the same place, and from that time to 1891 shipped large quantities of flour so branded. In 1891, complainant registered the name as a trade-mark. *Held*, that the use of the name in 1873 was so transient and inconsiderable as to suggest mere experiment, and that the evidence of intention to appropriate it was repelled by the omission to use it until after its adoption by defendants. 53 Fed. 389, affirmed.

2. SAME.
Any right conferred by the use of the name in 1873 would inure to the benefit of the commission firm, and not to complainant's predecessors.

3. SAME—REGISTRATION—PRIMA FACIE EVIDENCE OF TITLE.
The prima facie evidence of title which, by the statute, the registry of the trade-mark gave to the complainant, was overthrown by the proof of the appropriation of the name by defendants in 1884.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In Equity. Suit by William H. Brower against William G. Boulton and others for alleged infringement of a trade-mark. Bill dismissed. 53 Fed. 390. Complainant appeals. Affirmed.

A. v. Briesen, for appellant.
Camillus G. Kidder, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is a bill to restrain the defendants from using the words "La Venezolana" as a trade-mark applied to flour. The complainant is the successor in business of S. Oscar Ryder, who died in November, 1888, and A. V. Ryder, who carried on the business subsequently until the complainant purchased it. The complainant registered the words in the patent office as a trademark for flour November 17, 1891; his application having been made October 9, 1891. The complainant and his predecessors in business, and the defendants, were dealers in flour at New York city, exporting it to Venezuela. None of them were manufacturers, but their business consisted in buying flour, and selling it to foreign customers. According to the trade usage at New York city,

such dealers christen their flour by fancy names which represent the different grades, and denote respectively some particular quality, and brand the barrels or bags with the appropriate name. These names are respected by other dealers as the exclusive property of the dealer who first selects and applies them.

It appears that in 1873 the firm of Ribon & Munoz, commission merchants at New York city, having customers for flour at La Guaira, Venezuela, ordered five lots, consisting in all of 220 barrels, from S. Oscar Ryder, and directed Ryder to brand the barrels with the name "La Venezolana." Whether Ryder's name, or the name of Ribon & Munoz, appeared upon the barrels is not shown. The lots were forwarded by Ribon & Munoz to their customers at La Guaira. No further use of the name was made by anybody until after an interval of 11 years, and until after the defendants had used it upon flour sent by them to Venezuela, commencing in 1884. In 1884 the defendants, in ignorance of what had been done in 1873 by Ribon & Munoz and Ryder, and at the suggestion of Boulton & Co., of Puerto Cabello, Venezuela, selected a particular grade of flour, and named it "La Venezolana." Thereafter, the defendants continued to ship such flour in large quantities, branded with that name, to Boulton & Co., and various other commercial firms doing business in Venezuela, affiliated with Boulton & Co. They shipped 800 bags in the year 1884, over 6,000 bags in 1885, over 10,000 bags in 1886, over 15,000 bags in 1887, over 16,000 bags in 1888, over 26,000 bags in 1889, about the same quantity in 1890, and a considerably larger quantity in 1891. Altogether, they sent under this brand to their Venezuela correspondents about 130,000 bags of flour before the time when the complainant applied to register the trade-mark. The first intimation they ever received that any one else had sold flour under that brand previously was given to them in 1891, coming from the complainant about the time when he made application for the registry of the trade-mark. The proofs indicate persuasively that S. Oscar Ryder must have known that the defendants were sending large quantities of flour to Venezuela under the brand "La Venezolana," and it appears distinctly that Alfred V. Ryder knew that they were shipping flour there under that brand.

Upon this evidence, we are of the opinion that the decree of the circuit court dismissing the complainant's bill was correct. The use of the name in 1873 was so transient and inconsiderable as to suggest that it was merely experimental. Such evidence as it affords of an intention to appropriate the name as a trade-mark is met and repelled by the omission to use it thereafter, until it had passed into the category of forgotten things. But if the use of the name in 1873 conferred a right to it as a trade-mark upon anybody, it did not confer the right upon Ryder. Ribon & Munoz selected the name, and directed Ryder to apply it to flour which they had bought of him, and which they were sending to their customers. It is preposterous to suppose that they did this for his benefit. The reasonable inference from the circumstances is that they did it for their own benefit, and that it was their intention,

as well as his, to pre-empt the property in the name as their trade-mark in case they should conclude to appropriate it.

The statute makes the registry of a trade-mark prima facie evidence of title in the applicant. But the complainant's title is overthrown by proof of an earlier title in others; by that acquired by the appropriation of the name as a trade-mark in 1884.

The decree is affirmed, with costs.