HUMPHREYS HOMEOPATHIC MEDICINE CO. v. HILTON.

(Circuit Court, S. D. New York. March 14, 1894.)

TRADE-MARKS—NUMERALS APPLIED TO SPECIFIC REMEDIES.
Numerals used by a medicine company to identify specific remedies for various ailments are, in effect, descriptive terms, and their use will not be protected as a trade-mark.

In Equity. Bill by the Humphreys Homeopathic Medicine Company against George W. Hilton to restrain the use of an alleged trade-mark.

Henry J. Homes (Alfred Taylor, of counsel), for plaintiff.
Wise & Lichtenstein (Morris S. Wise and George L. Huntress, of counsel), for defendant.

WALLACE, Circuit Judge. The complainant and its predecessors in business have for many years manufactured, advertised, and sold homeopathic remedies, consisting of 35 specifics for various ailments. They have advertised these remedies in various books

and pamphlets treating of hygiene and diseases, and containing directions for the use of the remedies. The remedies are sold in vials, each of which is labeled "Humphrey's Homeopathic Specific;" and upon the label is also printed a number, and the name of the ailment for which the remedy in the particular vial is intended, such as "No. 1, Fever;" "No. 5, Dysentery;" "No. 10, Cholera," etc. In the advertisements the remedies are referred to by the numbers, which run from 1 to 35, inclusive. The defendant also manufactures, advertises, and sells homeopathic remedies, consisting of 14 specifics for various ailments. He advertises them in books and pamphlets. He sells them in vials, each of which is labeled "Dr. Hilton's Specific," and upon the label of each is printed a number, but not the name of the ailment for which the remedy is intended. His numbers run from 1 to 14, inclusive, and in his advertisements the specifics for the different ailments are referred to by their respective numbers. In his system the different numbers do not stand for the same remedies as in the complainant's system. Thus, his No. 1 is a remedy for pimples, his No. 5 for canker, his No. 10 for inflammation of the bladder. The complainant insists that the defendant is guilty of unfair competition and that it has a trade-mark in the different numbers, to and including 35, as applied to homeopathic remedies, which the defendant infringes by the use of any or all of his 14 numbers.

Neither the complainant, its predecessors, nor the defendant was the first to adopt a system of putting up and selling medicinal remedies in connection with books or advertisements by which the remedies were separately numbered, the numbers placed upon the vials or packets, and the remedies referred to by their number in the books or advertisements containing directions for their use. It suffices to refer to the books and remedies of Dr. Samuel Thomson, author of the "Thomsonian Materia Medica and Botanic Family Physician." The defendant doubtless adopted it because of its convenience. He had a right to do so. The case is destitute of any indication that he has employed the system with a view to deceive the public, or to palm off his remedies as those of the complainant.

The complainant has no trade-mark in the naked numbers. They have never been used alone by complainant or its predecessors upon the remedies, but have always been used with words, the name of some ailment, and apparently also with a symbol consisting of a figure of a woman and lion. At best, the numbers are but an element of a trade-mark. As used by the defendant, they ought not to mislead the public, or tend to confuse the identity of his specifics with those of the complainant.

It is said in Browne on Trade-Marks (section 225) that mere numerals cannot be considered arbitrary symbols, and that there must be some collateral characteristics to invest them with the qualities of a trade-mark,—some peculiarity of form, ornamentation, coloring, or combination, to make them distinctive, and take them out of the common category. It is unnecessary, in the present case, to express an opinion as to the correctness of this proposition. It

may be that numerals, which are arbitrarily selected, without any purpose of identifying the article to which they are affixed from other articles of a similar class, may become the subject of a trademark. But the use of numerals as a short method of identifying the several members of a class, and distinguishing one of them from another, is as old as the use of written words. When so used, they are, in substance and effect,-descriptive terms,—the number conveys to the reader details which otherwise would have to be amplified in words. Hence it is that the practice is so common with manufacturers and dealers of numbering the varieties so as to indicate by reference to advertisements, photographs, or other descriptive mediums the size, grade, or peculiar characteristics of each for their own convenience and that of their customers. No one can acquire an exclusive right to appropriate them for such a purpose. No one has the right to appropriate to his exclusive use a sign or symbol, which, from the nature of the fact it is used to signify, others may employ with equal truth, and therefore have an equal right to employ for the same purpose. It is because of this principle that a trade-mark cannot be acquired by the adoption of a word which is merely descriptive of the quality, ingredients, or characteristics of a commodity. Manufacturing Co. v. Spear, 2 Sandf. 599; Canal Co. v. Clark, 13 Wall. 311; Manufacturing Co. v. Trainer, 101 U. S. 51. As used by the complainant and its predecessors, the numbers merely are not a valid trade-mark. The bill is dismissed, with costs.