WILLIAMS et al. v. MITCHELL et al.

MITCHELL et al. v. WILLIAMS et al.

(Circuit Court of Appeals, Seventh Circuit.  January 2, 1901.)

Nos. 658, 659.

1. UNFAIR COMPETITION — PROCEDURE IN SUIT FOR INJUNCTION — IRREGULAR PRACTICE.
    It is irregular to ask or grant a construction of a decree previously entered in respect to matters outside the issues, as by construing a decree enjoining unfair competition in trade as applied to new labels or advertisements proposed by defendant; but the party who invokes such action cannot question the result merely because of the irregularity of practice.

2. APPEAL—REVIEW—ASSIGNMENTS OF ERROR.
    An assignment of error on the awarding of an injunction against the defendant, where the decree was modified in respect to the scope of the injunction on his application, if maintainable at all after such action, should include the modification as well as the original decree.

3. UNFAIR COMPETITION—USE OF DESCRIPTIVE NAME.
    Where an article has become known by a name adopted by the manufacturer as a trade-mark, such name cannot be used by another in such manner as to deceive the public, and to palm off his goods as those of the first user, although by reason of its descriptive character it cannot constitute a technical trade-mark.[1]

4. SAME—REVIEW ON APPEAL—MATTERS OUTSIDE OF ISSUES.
    The circuit court, in determining, after having entered a decree enjoining infringement of a trade-mark for unfair competition, that defendant may rightfully use certain proposed new labels or advertising matter, acted irregularly; such question being outside of the issues in the case, and one which can only be authoritatively determined in a new action upon issues properly framed, and evidence taken thereunder.

5. SAME—UNFAIR COMPETITION—RIGHT TO RECOVER DAMAGES.
    Where a decree finds that defendants have been guilty of unfair competition, and by the imitation of complainant's advertisements have deceived purchasers and the public into believing that articles of their manufacture were made by complainant, the complainant, on proper proof, is entitled to recover compensation to the extent of the invasion of his rights.

Appeal and Cross Appeal from the Circuit Court of the United States for the Southern Division of the Northern District of Illinois.

These appeals are from the decree in a suit for injunction against infringement of trade-mark No. 29,775, brought by J. A. Mitchell, C. E. Mitchell, and Henry L. Haskell, co-partners under the name of Ludington Novelty Works, against Edgar L. Williams and Matilda J. Williams, husband and wife, and co-partners under the name of Archarena Company. The trade-mark, intended for application to "games or game boards," as set forth in the statement, "consists of the arbitrarily selected word 'Carroms.' " The court found and decreed as follows: "(1) That the word 'Carroms,' 'Carrom,' or 'Carom,' set forth as a trade-mark in certificate of registration of the United States No. 29,775, issued April 6, 1897, is descriptive, and that complainants are not entitled to exclusively monopolize the said word as a trade-mark for game boards;  (2) that defendants have imitated the complainants' advertisements published

_____
[1] Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

with reference to the game and game board referred to in the certificate of registration, and said defendants have been guilty thereby of deceiving purchasers and the public into believing the game boards of defendants' make to be the game boards made by the complainants; (3) that said defendants, their agents, employés, servants, and representatives be, and they are hereby, perpetually enjoined from using the word 'Carroms,' 'Carrom,' or 'Carom,' or any equivalent thereto, in advertisements, illustrations, and representations in relation to game boards, without clearly and unmistakably stating in all said advertisements, illustrations, and representations that the game boards are made by the defendants, as distinguished from the game boards made by complainants, and the said defendants, their agents, officers, employés, servants, and representatives be, and they hereby are, particularly enjoined from publishing or causing to be published the cuts and advertisements comprising complainants' exhibit 'Page 624, McClurg's Catalogue,' the cut or representation of a game board shown in complainants' exhibit 'Defendants' Circular Letter,' and the cut or representation of a game board shown at the top of the first page of the rules in complainants' exhibit 'Defendants' Rules,' and all and any similitudes or imitations of the said cuts and advertisements, all of record herein, without distinguishing the same as aforesaid, and that such writ of injunction issue herein; (4) that complainants have and recover of the defendants the costs of this suit to be taxed; (5) that motion of complainants for a reference, to determine the damages sustained by them by reason of past unfair competition, is denied." This decree was entered on June 7, 1899, and on the ensuing 15th, in response to the petition of the appellants for a construction thereof, the court ordered as follows: "(1) That the final decree entered in this cause is not to be so construed as to enjoin defendants, their agents, employés, servants, or representatives, from using the word 'Carroms,' 'Carrom,' or 'Carom,' or any equivalent thereto, in the descriptive portion of advertisements in relation to game boards, so long as said words are used in a purely and properly descriptive manner. (2) The defendants may rightfully use the 'Exhibit Defendants' New Rules,' without change, and that defendants may rightfully use 'Defendants' Exhibit Defendants' New Illustration,' and the descriptive matter accompanying said illustration, after the word 'Carrom,' occurring upon the third line of said descriptive matter, has been erased therefrom."

The assignment of errors in behalf of the principal appellants contains the following specifications: "(1) It was error to hold that defendants had been guilty of unfair trade competition by the use of advertisements and illustrations designated in said decree. (2) It was error to hold that defendants had been guilty of unfair trade competition by the use of any advertisements, descriptive matter, or illustrations by said defendants employed. (3) It was error to grant an injunction enjoining and restraining these defendants from publishing or causing to be published said advertisements, descriptive matter, and illustrations referred to in paragraph 2 of said decree. (4) It was error to deny to defendants the right to use the descriptive matter accompanying 'Defendants' Exhibit Defendants' New Illustration' without first erasing from said descriptive matter the word 'Carrom,' occurring upon the third line thereof. (5) It was error to decree that complainants recover of defendants the costs, charges, and disbursements of this suit. (6) It was error not to dismiss the bill of complaint at complainants' cost."

George P. Fisher, for appellant Edgar L. Williams and another.
John G. Elliot, for appellee J. A. Mitchell and another.

Before WOODS and JENKINS, Circuit Judges, and SEAMAN, District Judge.

PER CURIAM. During the term at which a decree is rendered it is, of course, competent for a party to ask a modification; but a construction of the decree in respect to matters outside the issues it is irregular to ask or to grant. The party, however, who invokes such action may not question the result merely because of the irreg-

ularity of practice. In respect to the first and second specifications of error, which are directed to questions of fact only, it is enough to say that the evidence in the record, except as stated below, justifies the finding of the circuit court. The third specification is meaningless, because the second paragraph of the decree is a finding of fact only, and enjoins nothing. The third paragraph, to which the reference was probably intended, seems to be the logical result of the preceding findings; but, if any part of it was thought to be objectionable, that part should have been made the subject of a separate and specific assignment. As originally entered, however, the third paragraph did not remain in force. It was modified by the later order, and if, by asking the last action, the appellants did not waive all objection to the original decree, they certainly lost the right to object to it except as modified, and any assignment of error upon it should have included the modification. But one objection is urged to the modifying order, and, to the two decrees considered as one, that objection therefore seems to be the only one which the appellants are in a position to urge. It is not well taken, and is without essential merit. The second clause of the second decree required that the word "Carrom" be erased from "the third line" of the descriptive matter of a new form of advertisement proposed by the appellants for the court's approval, called "Defendants' Exhibit Defendants' New Illustration"; but it is impossible to know upon the face of the decree, or from the pleadings in reference to which the decree is to be read, what was the significance or force of that order. The petition of the appellants for the modifying order purports to have attached to it as an exhibit a sample of the new advertisement, but no such exhibit appears in the record as attached to or in any way connected with the petition. Elsewhere in the transcript, but without reference from it to the petition or from the petition to it, appears a paper with the words "Defendants' Exhibit Defendants' New Illustration" printed upon its face below the other printed matter, but whether there as an item of evidence adduced or for some other reason or purpose can only be conjectured. In the body of that paper the word "Carrom" occurs on the second (not upon the third) line of the descriptive matter; not separately, however, but in the phrase printed in large, black letters and under quotation marks "Five-Pin Cuban Carrom Game." In that combination manifestly the word was used as part of a name, and not descriptively, and the order that it be erased, if the order had reference to it, was in harmony with the declaration of the court that the final decree was not to be construed to forbid the use of the word in its various forms "in the descriptive portion of advertisements, * * * so long as used in a purely and properly descriptive manner."

The cross appellants insist that the court erred in holding the word "Carrom" to be a descriptive word which could not be made a trademark for a game board. The word "Carrom" or "Carom" is without doubt descriptive of a certain game at billiards, and is defined to be "the hitting of two or three balls in succession by the cue ball from one stroke of the cue." The word is not, however, descriptive of the

game boards before us, or the games played thereon, whether those of the complainants or of the defendants; for, while a carrom is possible, it is no part of the game, which consists in pocketing the disks, rings, or balls. The games are, rather, the pool or pocket game at billiards. The word "Carroms" is impressed upon each board of the complainants' game as a trade-mark, but does not appear upon the board of the defendants. That, however, is immaterial so long as the defendants advertise their board as carrom boards. Machine Manufacturers v. Wilson, 3 App. Cas. 389. It is the case of the use of a descriptive word in a nondescriptive sense. While a descriptive word or a geographical or personal name cannot constitute a technical trade-mark, yet where, as here, an article has come to be known by the descriptive word, one may not use that word to palm off his goods as the goods of another who has first adopted it, and by which appellation the goods have come to be known. One may not use his own name for such purpose when it works a fraud. If he uses the descriptive word, or a geographical name, or his own name, it must be so used as not to deprive others of their rights, or to deceive the public, and the name must be accompanied with such indications that the thing manufactured is the work of the one making it as would unmistakably inform the public of the fact. Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118; Meyer v. Medicine Co., 18 U. S. App. 372, 7 C. C. A. 558, 58 Fed. 884; Pillsbury v. Mills Co., 24 U. S. App. 395, 12 C. C. A. 432, 64 Fed. 841; Raymond v. Powder Co., 55 U. S. App. 575, 29 C. C. A. 245, 85 Fed. 231; Mills Co. v. Eagle, 58 U. S. App. 490, 30 C. C. A. 386, 86 Fed. 608; Fuller v. Huff (C. C. A.) 104 Fed. 141; Reddaway v. Banham [1896] App. Cas. 199. The decree finds that, through imitation of the complainants' advertisements with respect to the game in question, the defendants deceive purchasers and the public into the belief that the game boards offered by them were made by the complainants, and the injunction restrains the advertisements in strict accordance with the ruling in Singer Mfg. Co. v. June Mfg. Co., supra. If the first clause of the decree here complained of were necessary or essential to that which follows we should think the finding incorrect, because, while the word "Carrom" may be descriptive of a game at billiards, it is not descriptive of the game in question, and the complainants' board coming to be known by the designation of the "Carrom Board," or the "Carrom Game," the defendants may not rightfully apply that name to their game as a designation or name of the game, although they have a right, as the court below decreed, to use the word in descriptive portions of advertisements so long as they use them in a purely and properly descriptive sense.

After the decree had been rendered, the defendants adopted for use a new advertisement and illustration of their game boards, designated in the record as "Defendants' Exhibit Defendants' New Illustration," and "Exhibit Defendants' New Rules," and by a petition, with copies attached, asked the court that they be permitted to use such new illustrations and advertisements. The court decreed thereon that the defendants might rightfully use the "Exhibit Defendants' New Rules" without change, and that they might right-

fully use "Defendants' Exhibit Defendant's New Illustration" with the descriptive matter accompanying it, erasing the word, "Carrom," and this is challenged by the complainants. In this particular the decree is within our ruling in Charles E. Hires Co. v. Consumers' Co., 41 C. C. A. 71, 100 Fed. 809, where we said:

"A court of equity does not sit as an arbiter to determine in advance upon other and changed labels which the infringer may adopt to avoid the condemnation of the court," and that "the court ought not to say how near the infringement may lawfully approximate the label of the complainant, but should cast the burden upon the guilty party of deciding for himself how near he may with safety drive to the edge of the precipice, and whether it be not better for him to keep as far from it as possible."

We do not now pass upon the question whether these new advertisements and rules use the word "Carrom" in a purely descriptive sense, or whether the word is used as the name of the game. There may be some ground for holding the latter in the prominent and displayed print of the word "Carrom." It will be time enough for the court to determine the question when presented upon issues properly framed and the evidence taken thereunder.

The complainants also assert error in that the decree denied them compensation for past unfair competition. In this respect, also, we think the court was in error. The decree declares that the defendants, by their imitation of the complainants' advertisements, had been guilty of deceiving purchasers and the public into believing that the game boards of their make were the game boards made by the complainants. It declares an invasion of the complainants' rights, and the complainants are entitled, upon proper proof, to compensation to the extent of the invasion.

Upon the appeal of the defendants below the decree is affirmed. Upon the appeal of the complainants below the decree is reversed, and the cause remanded, with directions to the court below to enter a decree in conformity with this opinion.