REVERE RUBBER CO. v. CONSOLIDATED HOOF PAD CO.

CONSOLIDATED HOOF PAD CO. v. REVERE RUBBER CO.

(Circuit Court, S. D. New York. June 30, 1905.)

No. 8,083.

1. UNLAWFUL COMPETITION—DECEPTION OF PUBLIC—INJUNCTION.

Complainant and defendant both manufactured rubber hoof pads so similar in appearance that a purchaser would hardly distinguish the one from the other, both being adapted and applied to the same use. The pads were sold in sharp competition, and there was evidence that defendant's pads were inferior to complainant's, and were sold at a less price. Complainant's predecessor first began making the pads under the firm name of "Air Cushion Rubber Pad Company," and the pads became known as "Air Cushion Pads," and as "A. C. Pads." After complainant's pad had been patented, defendant began the manufacture of its pads, on which it stamped the name "Air Cushion," and below used the words, "Consolidated Hoof Pad Co., 18 Vesey St., N. Y.," and filed and registered the letters "A. C." as a trade-mark. Held, that defendant's acts in thus imitating complainant's goods constituted unlawful competition, which complainant was entitled to restrain.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 81.]

2. SAME—TRADE-MARKS.

Where complainant's hoof pads were made and on the market, and known as "A. C. Pads" to the trade, for a long time before defendant used the marks "A. C." on its inferior similar pads, defendant was not entitled to the exclusive use of the letters "A. C." on its pads by having subsequently registered such letters as a trade-mark.

In Equity.

Bill in equity to restrain defendant from using trade-name "Air Cushion," or the letters "A. C.," in connection with horseshoe pads not made by the Revere Rubber Company, complainant. Cross-bill in equity by defendant in original suit to restrain the complainant in original suit from making or selling hoof pads or horseshoe pads with the (alleged) trade-mark "A. C.," stamped thereon, or from announcing or proclaiming in any way to the public that it has the right to use the mark "A. C." on the hoof pads or horseshoe pads made by it.

Arthur C. Fraser (Joseph A. Stetson, of counsel), for Revere Rubber Company.

James Harold Warner (Clarence G. Galston, of counsel), for Consolidated Hoof Pad Company.

RAY, District Judge. In 1899 Roscoe R. Bell, Elizabeth Kent, and William J. Kent were a co-partnership in the business of selling horseshoe pads. The firm name was "Air Cushion Rubber Pad Company." They were the first to use this name "Air Cushion" as a trade-name and designation for their horseshoe pads. The Revere Rubber Company made the pads. The name "Air Cushion" was in a sense partially descriptive of these pads, as, when fitted to the foot of the horse, there was a space between some part of the pad and the hoof with airholes, and the pad was so shaped that, when the horse rested any substantial part of his weight on such foot, it pressed out the air gradually, and so formed a sort of cushion, breaking to a degree the force of the concussion when the foot struck the pavement or hard road. "Air Cushion" is not, however, descriptive of such pads, as the pads are not air cushions. These pads became known in the market and to the trade and horseshoers generally as "Air Cushion Pads" and as "A. C. Pads." There is no question that the words "Air Cushion" and the letters "A. C." designated the pads made by the Revere Rubber Company and sold by the above firm, and later by such company, the complainant in the original suit and defendant in the cross-suit. Quite generally, and almost universally, a person calling for an "A. C." pad meant one of these pads. These pads had no other name. There was a large and well-established demand for them. The said pads were plainly marked or stamped: "Air Cushion." "Rubber Pad." "Pat. Mar. 27, 1900." About June 1, 1900, the business of said firm was transferred to the Revere Rubber Company, and it has continued the business and use of such name and letters "A. C." on and in connection with the making and sale of such pad. After the said pad had been patented, the said Consolidated Hoof Pad Company made a pad which was so similar to and such a copy of the one made by the Revere Rubber Company that this court has recently held it an infringement and restrained its making and

sale. On this pad and others the said hoof pad company stamped the said name "Air Cushion," and below them the words, "Consolidated Hoof Pad Co., 18 Vesey St., N. Y." It has also filed and registered at Washington the letters "A. C." as a trade-mark, and now claims the exclusive right and title to same as its trademark.

As early as October, 1901, the Revere Rubber Company adopted, and as early as December 5, 1901, put upon the market, its hoof pads or horseshoe pads, with the following stamped thereon, viz.: "Revere Rubber Co., A. C. Special. Pat. No. 33,039." December 14, 1901, the said Consolidated Hoof Pad Company claims to have adopted "A. C." as its trade-mark or name, and in January, 1902, it put on the market its hoof pads, with the following stamped thereon, viz.: "A. C. Consolidated Hoof Pad Co., 18 Vesey St., N. Y." When the Consolidated Hoof Pad Company took the field with its hoof pads or horseshoe pads, and began calling and advertising and selling them as "Air Cushion" or as "A. C." pads, it found the field occupied by the Revere Rubber Company, complainant in the original suit and defendant in the cross-suit. The Revere Rubber Company and its predecessor, the Air Cushion Rubber Pad Company, from the beginning of business in the summer of 1899, had adopted and used the name "Air Cushion Rubber Horseshoe Pad," and these pads had become known all over the country as the "Air Cushion" and the "A. C." Pads. The words "Air Cushion" were the most prominent words in all the advertising, and the words "Air Cushion Pads" were words indicating the pads made and sold by the Revere Rubber Company and were the words used by it for such purpose. The Revere Rubber Company and its predecessor were at great expense in advertising and putting on the market and building up a trade for these "Air Cushion" pads under and by that name. In a short time the trade, dealers in and users of these pads, came to use the short name or abbreviation "A. C." when speaking of or ordering or purchasing these pads, and an "A. C." pad meant one of the Revere Rubber Company's pads. It was after the trade in these pads had been built up, and they had become well known and popular under the name "Air Cushion" and "A. C.," that the Consolidated Hoof Pad Company came into the field and commenced to appropriate and use the name as a designation for its own pads. The pads of the Revere Rubber Company were advertised and sold as "Air Cushion Pad," as "Air Cushion Bar Pad," as "Air Cushion Banner Pad," as "Air Cushion Racing Pad" and later as "A. C. Special." The Consolidated Hoof Pad Company, at request of the said Revere Rubber Company, has abandoned the use of the name "Air Cushion," but asserts the right to use it to designate its pads, and insists on the right to use and continue the use of the name "A. C." as applied to these pads. The pads of the said Revere Rubber Company and those of the Consolidated Hoof Pad Company are very similar in appearance, a purchaser would hardly distinguish the one from the other by appearances, and both are adapted and applied to the same use. They are sold in the market in sharp competition. There is evidence

showing that the pads of the Consolidated Hoof Pad Company are inferior to those of the Revere Rubber Company and are sold for a less price. These acts have been done and are being done by the Consolidated Hoof Pad Company, defendant in the original suit, knowingly and willfully, and evidently for the purpose of putting on the market its own inferior goods, made in imitation of those of the complainant, Revere Rubber Company, and sold under the name used by that company, as and for the goods of the said Revere Rubber Company. The effect is to defraud the Revere Rubber Company and deprive it of a portion, at least, of the trade to which it is entitled, and to deceive and mislead the public into purchasing, paying for, and using the pads of the Consolidated Hoof Pad Company, when the intention and desire was to purchase and use the pads made and sold by the Revere Rubber Company. Such acts, having such effects, ought to be restrained, and within the authorities may be.

As to the right of the complainant in the cross-suit, Consolidated Hoof Pad Company, to the alleged trade-mark "A. C.," little need be said. The facts stated settle that question. The Revere Rubber Company's pads, hoof pads, horseshoe pads, were made and on the market and known as "A. C." pads to the trade and to users quite a long time before the complainant in the cross-suit used the marks "A. C." or attempted to appropriate such letters as its trade-mark—before it registered such letters as its trade-mark. The acts of the Consolidated Hoof Pad Company are but the unlawful appropriation of the trade-name of the Revere Rubber Company, and an attempt to obtain the apparent sanction of the general government to the unlawful appropriation by clandestinely procuring such trade-name belonging to Revere Rubber Company to be registered as the trade-mark of Consolidated Hoof Pad Company. When one manufacturer or dealer has used certain letters as a trade-name until his goods have come to be known and called for generally by that name, a competitor in the same business cannot gain any right, superior or otherwise, by procuring such letters (or such name, if it be a name), to be registered under the trade-mark laws as his, or its, trade-mark. Such larceny as this is neither encouraged, sanctioned, nor legalized. Glencove Mfg. Co. v. Ludeling (C. C.) 22 Fed. 823; Welsbach L. Co. v. Adam (C. C.) 107 Fed. 463; Brower v. Boulton, 58 Fed. 888, 7 C. C. A. 567.

The complainant in the original suit, Revere Rubber Company, is entitled to a decree, restraining the defendant, Consolidated Hoof Pad Company, from using the name "Air Cushion," or the letters "A. C.," as a name for its pads and for costs, and in the cross-suit is entitled to a decree dismissing the bill of complaint, with costs.