# IN RE NATIONAL PHONOGRAPH COMPANY.

TRADEMARKS; DESCRIPTIVE WORDS.

1. In prohibiting the registration of marks consisting of words and devices descriptive of the goods with which they are used, or of the character of such goods, sec. 5, chap. 84, of the act of Congress of February 20, 1905, is declaratory of existing law.

2. The words "standard," as applied to phonographs, is a descriptive word,. and cannot be registered as a trademark, even though, as used, it is. applied to machines of an inferior design which are not in any sense standard. (Citing *Re American Circular Loom Co.* 28 App. D. C. 446;. 450.)

3. Affidavits in support of an application for registration of the word "standard" as applied to phonographs, stating that the word does not. indicate to affiants' minds, or to the minds of other persons in the phonograph trade, a phonograph of any particular type, quality, or character, are not convincing, if, indeed, relevant, as the affiants can only state what impression the word makes on their minds.

No. 397. Patent Appeals. Submitted January 10, 1907. Decided February 18, 1907.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a trademark.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Frank L. Dyer* for the appellant.

*Mr. Fairfax Bayard* for the Commissioner of Patents.

Mr. Justice McComas delivered the opinion of the Court:

The Examiner of Trademarks refused to register the word "standard" as a trademark for phonographs, upon the ground that the mark is descriptive. The Commissioner of Patents affirmed this decision, and the National Phonograph Company thereupon appealed to this court. The appellant claims to have continuously used this word as a trademark in its business of producing and selling phonographs since April, 1898.

The act of [February 20] 1905, chap. 84, sec. 5, only declared the accepted law of trademarks when it prohibited the registration of marks which consist "merely in words or devices which are descriptive of the goods with which they are used, or of the character of such goods." The general proposition was well established that words merely descriptive of the character, qualities, or composition of an article or of the place where it was manufactured or produced could not be monopolized as a trademark. *Brown Chemical Co.* v. *Meyer,* 139 U. S. 540, 35 L. ed. 247, 11 Sup. Ct. Rep. 625; *Delaware & H. Canal Co.* v. *Clark,* 13 Wall. 311, 20 L. ed. 581; *Amoskeag Mfg. Co.* v. *Trainer,* 101 U. S. 51, 25 L. ed. 993.

The adjective "standard," upon varying applications for its registration as a trademark, was held not to be a lawful trademark by Commissioners Payne, Doolittle, Fisher, and by Commissioner Duell, afterward Justice Duell of this court. The exclusive right to the use of such a word as a trademark on a particular article cannot be acquired by the first appropriation of it by one person, because other persons who may produce and sell a similar article have equal right in describing it to employ any appropriate term, including such word. "No one has the right to appropriate to his exclusive use a sign or symbol which, from the nature of the fact it is used to signify, others may * * * have an equal right to employ for the same

reason.  It is because of this principle that a trademark cannot
be acquired by the adoption of a word which is merely descrip-
tive of the quality, ingredients, or characteristics of a commod-
ity.  *Amoskeag Mfg. Co.* v. *Spear,* 2 Sandf. 599 ;" *Humphreys
Homeopathic Medicine Co.* v. *Hilton,* 60 Fed. 756.  Chief
Justice Shepard, speaking for this court, concluded that the
words "circular loom" were descriptive of one of the character-
istics of the article to which they were applied as a trademark,
at the present term, in the case, *Re American Circular Loom Co.*
[28 App. D. C. 446, 450].  Judge Lurton held that "standard"
is a descriptive word, and, in the particular case before him,
stood for a class of computing scales, and, of course, in that con-
nection it was aptly descriptive of a standard of weights.
*Computing Scale Co.* v. *Standard Computing Scale Co.* 55 C.
C. A. 459, 118 Fed. 971.

In any collocation, "standard" in its common meanings, sig-
nifies authority, a type, excellence, fixed or permanent value, a
test or rule, a measure or quality.  Other makers of phono-
graphs should not be deprived of its use.

We agree with the Commissioner that the applicant's claim
to use "standard" as a trademark is in no wise strengthened
because the applicant contends that it only applies the word to
machines of inferior design and which are not in any sense
standard.  The word cannot be used, whether it be truly de-
scriptive or falsely descriptive.

It would be unprofitable to discuss the numerous cases cited
by the appellant's counsel, in which other words were regis-
tered as trademarks, since they cannot help us to determine
whether "standard" is a descriptive word.  In the instances
cited where the words are descriptive we think such words were
improperly held valid as trademarks, and in the cases where
they were not descriptive such instances do not support the
applicant's contention here.  The argument in *Williams* v.
*Mitchell,* 45 C. C. A. 265, 106 Fed. 168, that a word may be a
descriptive word, and yet used in a nondescriptive sense, is not
convincing, for the Commissioner should prohibit the registra-
tion of descriptive words, and the affidavits of the president of

the phonograph company and two other persons that the word "standard" does not indicate to their minds, or to the minds of other persons in the phonograph trade, a phonograph of any particular type, quality, or character, are not convincing, if, indeed, relevant here.   The three affiants can testify only concerning the impression the word "standard" makes upon their minds.   This applicant has no right to appropriate the word "standard" which others may desire to employ with equal sincerity.   The applicant should not have the exclusive right to describe its product as "Standard Phonographs," and another producer should have an equal right to employ the same word to describe its similar product.   Many manufacturers would be tempted to use "standard" to indicate the quality or grade of uniformity of the goods they produce.

The predecessors of the Commissioner of Patents, who regarded the word "standard" as a descriptive word, do not appear to have erred; and we are convinced that the present Commissioner has not committed error in this instance; and his decision is affirmed.   The clerk of this court will certify this opinion and decision to the Commissioner of Patents in accordance with law.                          _Affirmed._