# IN RE BECKWITH.

## TRADEMARKS; DESCRIPTIVE WORDS.

1. A mark which contains as its dominant feature words aptly descriptive of the character or quality of the goods to which it is applied is not registerable. (Following *Johnson v. Brandau,* 32 App. D. C. 348; *Re Schweinfurter Pracisions–Kugel–Lager–Werke Fichtel & Sachs,* 38 App. D. C. 279; *Re Excelsior Shoe Co.* 40 App. D. C. 480; *Re Motz Tire & Rubber Co.* 40 App. D. C. 487.) (Mr. Justice McCoy dissenting.)

2. Upon an application for the registration of a trademark the dominant feature of which was the words, "Moistair Heating System," as applied to hot air and hot water heaters and furnaces, it was *held* that the Commissioner of Patents might anticipate inevitable confusion,

and refuse to register the mark which was not only descriptive in its dominant features, but contained a common tradename of similar commodities in a general class of merchandise; and that such mark would be registerable only by the elimination of the objectionable matter, and not merely by filing a disclaimer in the Patent Office. (Citing *Natural Food Co.* v. *Williams,* 30 App. D. C. 348; and following *Electro Steel Co.* v. *Lindenberg Steel Co.* 43 App. D. C. 270; *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6.) (Mr. Justice McCoy dissenting.)

No. 1131.  Patent Appeals.  Submitted March 11, 1918.  Denied May 27, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents denying an application for registration of a trademark.                                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Harry C. Howard* for the appellant.

*Mr. Theodore A. Hostetler* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from the decision of the Commissioner of Patents denying the application of appellant for the registration of the following trademark for "hot air and combined hot air and hot water heaters and furnaces:"

The Commissioner tendered registration of the figure with the words, "Moistair Heating System," eliminated, which appellant refused,—hence this appeal. The reason assigned by the Commissioner is that "applicant has an exclusive right to all these features except the phrase, 'Moistair Heating System,' and it has in common with the public generally also the right to use, but not to register, these descriptive words."

The Trademark Act of February 20, 1905 (33 Stat. at L. 724, chap. 592, Comp. Stat. 1916, sec. 9490) in sec. 5 among other things, provides: "That trademarks which are identical with a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, shall not be registered: *Provided,* That no mark which consists merely in the name of an individual, firm, corporation, or association, not written, printed, impressed, or woven in some particular or distinctive manner or in association with a portrait of the individual, or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this act."

It must be conceded that the words, "Moistair Heating System," are descriptive of the merchandise on which the mark is used and for which registration is sought. These words, standing alone, are clearly unregisterable, and are open to public use, limited only by the principles involved in unfair competition. If these words constitute an essential feature of the trademark, it is sufficient to defeat registration. A mark certain features of which are merely suggestive of character or quality is one thing; but a mark like the present, which contains as its dominant feature words aptly descriptive of the character or quality of the goods to which it is applied, is quite another thing. In such cases, where the descriptive words are the dominant feature of the mark, registration should be denied. *Johnson* v. *Brandau,* 32 App. D. C. 348; *Re Schweinfurter,*

*Pracisions-Kugel-Lager-Werke Fichtel & Sachs,* 38 App. D. C. 279; *Re Excelsior Shoe Co.* 40 App. D. C. 480; *Re Motz Tire & Rubber Co.* 40 App. D. C. 487.

The statute not only prohibits the registration of marks which are descriptive, but of marks which would be likely to cause confusion in trade. "Moistair Heating System" is the tradename of a large class of merchandise. There are numerous styles of "hot air and combined hot air and hot water heaters and furnaces" manufactured and on the market, on which the owners are entitled to use the common designation here sought to be monopolized. The statute does not contemplate that the Commissioner shall register a mark with descriptive words in it, and wait until another applies for registration of the same or a similar mark before he can apply the restriction as to confusion. It is sufficient if the mark is known to be in use, or its equivalent, a tradename common to a large class of merchandise, upon one branch of which it is sought by the applicant, through the agency of registration, to monopolize the use of the mark. In the matter of the registration of trademarks, the Commissioner represents the public. The section of the statute here in question relates primarily to the protection of the public, and the controlling provision is that which forbids the registration of any mark which may lead to confusion in trade. That being true, the uniform holding of this court that registration of marks will be refused in which descriptive words constitute the dominating feature will be adhered to.

The attempt to register a tradename which would damage others engaged in handling the same class of merchandise to which the mark is applied, and for which registration is sought, has generally been held to constitute a ground for opposition proceedings. In *Johnson* v. *Brandau, supra,* sustaining the opposition on the ground that the opposer had used the mark merely as a tradename, the court said: "If registration be allowed, it becomes prima facie evidence of the applicant's ownership of it as a valid trademark  *  *  *  in any action which he may institute against the opposer or others who may use the word as a general tradename for similar articles of

goods. Having used the word as such a tradename, although not entitled to ownership of it as a trademark, we think it is permissible for the opposer to make opposition to the registration by the applicant." In *Natural Food Co.* v. *Williams,* 30 App. D. C. 348, involving the right to register the mark "Shredded Whole Wheat," when it appeared that the opposer had never used the words as a trademark, the court said: "That he [the opposer] did not use the words as a trademark, but merely in a descriptive sense, is of no moment. He, in common with all other manufacturers of shredded whole wheat, had the same right to properly designate their product as did the Natural Food Company."

The term or tradename, "Moistair Heating System," is generic, and is descriptive of specific articles of manufacture belonging to one general class of merchandise. The name is common to all, and may be aptly used as descriptive of each. Such a name may not be monopolized as a trademark. In *Standard Paint Co.* v. *Trinidad Asphalt Mfg. Co.* 220 U. S. 446, 452, 55 L. ed. 536, 540, 31 Sup. Ct. Rep. 456, the court, considering the validity of the word "Rubberoid" as a trademark for paint, said: "The asphalt company also makes a roofing, not, however, of the same material as that of the paint company, but of the same thickness as the latter, and cut in the similar widths and lengths, and sells it under the name of 'Rubbero' roofing. Two contentions are made by the paint company: (1) That its trademark is a valid one and has been infringed by the asphalt company. (2) That the latter has been guilty of unfair competition. The court of appeals decided adversely to both contentions. 90 C. C. A. 195, 163 Fed. 977. Of the first contention the court said it was clear that the paint company 'sought to appropriate the exclusive use of the term rubberoid,' and that its rights were to be adjudged accordingly; and that as the latter, being a common descriptive word, could not be appropriated as a trademark, the one selected by the paint company could not be appropriated. The court said: 'A public right in rubberoid and a private monopoly of rubberoid cannot coexist.' The court expressed the determined and settled rule to be 'that no one can appropriate as a trademark a generic

name or one descriptive of an article of trade, its qualities, ingredients, or characteristics, or any sign, word, or symbol which from the nature of the fact it is used to signify others may employ with equal truth.' "

By indisputable analogy, it follows that to give the statute the force intended by Congress, primarily to protect the public against confusion in trade, the Commissioner may anticipate inevitable confusion, and refuse to grant a monopoly in a mark which is not only descriptive in its dominant features, but contains the common tradename of similar commodities in a general class of merchandise. If an applicant can register descriptive words or tradenames camouflaged in immaterial and deceptive trimmings, the whole purpose of the statute would be nullified. To uphold such procedure amounts to countenancing the perpetration of a fraud in the face of the clear intent of Congress. The conclusion, when measured in the light of the evident purpose of the statute, seems to be irresistible. It is so just and so manifestly in accord with the spirit of the law that a different interpretation should not be indulged through any technical, fine-spun, literal construction of the statute.

Opportunity was given appellant in the Patent Office to eliminate from his mark the words, "Moistair Heating System," and accept registration of the fanciful portions of the design. Clearly this is all to which he is entitled. It, however, can be accomplished only by elimination from the registered mark, and not merely by filing a disclaimer in the Patent Office. *Johnson* v. *Brandau,* 32 App. D. C. 348; *Electro Steel Co.* v. *Lindenberg Steel Co.* 43 App. D. C. 270; *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                          *Affirmed.*

Mr. Chief Justice SMYTH concurring specially:

I concur in the opinion and judgment of Mr. Justice Van Orsdel on the ground of *stare decisis.* It seems to me that if

the rule so often announced by this court either directly or inferentially is to be changed, it should be done by Congress, and not by the court. If, however, the question was one of first impression, I would join in the conclusion announced by Mr. Justice McCoy.

Mr. Justice McCoy, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in the place of Mr. Justice Robb, dissented:

The statute [33 Stat. at L. 724, chap. 592, Comp. Stat. 1916, § 9485] concerning the registration of trademarks provides among other things as follows:

"That the owner of a trademark used in commerce   *   *   * may obtain registration for such trademark by complying with the following requirements: [Here follow provisions in relation to the application for registration.]

"Sec. 2. That the application   *   *   * must be accompanied by a written declaration   *   *   * to the effect that the applicant believes himself   *   *   * to be the owner of the trademark sought to be registered;   *   *   * that such trademark is used in commerce   *   *   *.

"That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trademark on account of the nature of such mark, unless such mark consists of or comprises immoral or scandalous matter. (Sec. 5a.)

"Consists of or comprises the flag or coat of arms, or other insignia of the United States   *   *   *

"Provided, That no mark which consists   *   *   * merely in words or devices which are descriptive of the goods with which they are used or of the character or quality of such goods   *   *   * shall be registered under the terms of this act." (Sec. 5b.)

It has been decided by this court that a trademark which comprises words merely descriptive cannot be registered, but that is not what the statute says. I cannot see that the proviso in regard to the use of descriptive words needs to be construed,

for the language is perfectly plain; but if I am wrong in this then the proper construction of it is made certain by other parts of the section; namely, those where the statute reads *"consists* of or *comprises."* (Italics mine.)

The Trademark Law is nothing but a registration act. *Elgin Nat. Watch Co.* v. *Illinois Watch Case Co.* 179 U. S. 665–672, 45 L. ed. 365, 377, 21 Sup. Ct. Rep. 270. In refusing registration to marks consisting merely in words or devices which are descriptive, the act codified the law found in the decisions, because a mark of that kind was not given protection in equity. *Brown Chemical Co.* v. *Meyer,* 139 U. S. 540–542, 35 L. ed. 247, 248, 11 Sup. Ct. Rep. 625. Nothing else was decided in *Standard Paint Co.* v. *Trinidad Asphalt Mfg. Co.* 220 U. S. 446, 55 L. ed. 536, 31 Sup. Ct. Rep. 456, cited in the present opinion of Mr. Justice Van Orsdel.

A so-called common-law trademark containing descriptive words is protected in equity. *Singer Mfg. Co.* v. *June Mfg. Co.* 163 U. S. 169, 41 L. ed. 118, 16 Sup. Ct. Rep. 1002; *McLean* v. *Fleming,* 96 U. S. 251, 256 and *passim,* 24 L. ed. 828, 832; *Williams* v. *Mitchell,* 45 C. C. A. 265, 106 Fed. 168–171; *Leather Cloth Co.* v. *American Leather Cloth Co.* (1865) 11 H. L. Cas. 523, 11 Eng. Reprint, 1435, 35 L. J. Ch. N. S. 53, 11 Jur. N. S. 513, 12 L. T. N. S. 742, 13 Week. Rep. 873; *Seixo* v. *Provezende* (1865) L. R. 1 Ch. 192, 12 Jur. N. S. 215, 14 L. T. N. S. 314, 14 Week. Rep. 357; *Reddaway* v. *Banham* [1896] A. C. 199, 65 L. J. Q. B. N. S. 381, 74 L. T. N. S. 289, 44 Week. Rep. 638, 25 Eng. Rul. Cas. 193; *Montgomery* v. *Thompson* [1891] A. C. 217, 60 L. J. Ch. N. S. 757, 64 L. T. N. S. 748, 55 J. P. 756; *Raggett* v. *Findlater* (1873) L. R. 17 Eq. Cas. 29, 43 L. J. Ch. N. S. 64, 29 L. T. N. S. 418, 22 Week. Rep. 53; *Russia Cement Co.* v. *Le Page,* 147 Mass. 206, 211, 9 Am. St. Rep. 685, 17 N.°E. 304.

In the brief for the Commissioner of Patents it is stated as follows: "The recent decisions of the courts, such as *Nairn Linoleum Co.* v. *Ringwalt Linoleum Works; O. W. Thum Co.* v. *Dickinson,* and others that have interpreted the statutes, have to some extent changed the practice in the Patent Office, which office is governed by the decisions of the courts."

This is a respectful way of saying that the decisions of this court have revolutionized the practice in the Patent Office so far as concerns the matter here in question.

The decisions of this court in cases where registration has been refused to trademarks comprising descriptive words seem to be based upon some intention of Congress said to be expressed in the proviso, which reads as follows: "That trademarks which are identical with a registered or known trademark owned and in use by another and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, shall not be registered." [sec. 5.]

And in the present opinion of Mr. Justice Van Orsdel, he says:

"The statute not only prohibits the registration of marks which are descriptive, but of marks which would be likely to cause confusion in trade."

So it does, provided that the confusion likely to arise would come from the registration of a mark identical with a registered or known trademark, or so nearly resembling a registered or known trademark as to be likely to cause confusion. Counsel for the Commissioner of Patents does not contend that the mark here in question is identical with or resembles any registered or known trademark, and the Commissioner of Patents did not refuse registration on either of these grounds.

It is said that, in the matter of registration of trademarks, the Commissioner represents the public. So does any other public official, but he misrepresents the public if he acts in contravention of the statute. If Congress intended to make him a chancellor, it was also very careful to limit the scope of his powers.

I do not find any warrant in the statute for permitting an applicant to secure registration of a trademark after eliminating any part thereof. The statute is clearly against such practice, for it says, as already quoted, that it is "the owner

of a trademark used in commerce" who is entitled to have it registered. He can register only what he has used. *Elgin Nat. Watch Co.* v. *Illinois Watch Case Co. supra,* where the court said: "Trademarks are not defined by the act, which assumes their existence and ownership, and provides for a verified declaration by applicants for registration that they have the exclusive right to the particular trademark sought to be registered."

I dissent, though I would not do so had the previous decisions of this court established a rule of property.

A writ of certiorari from the Supreme Court of the United States was filed in this Court November 11, 1918.