## L. E. WATERMAN CO. v. MODERN PEN CO.

(Circuit Court of Appeals, Second Circuit. May 14, 1912. On Petition for Rehearing, May 28, 1912.)

### No. 208.

TRADE-MARKS AND TRADE-NAMES (§ 71*)—UNFAIR COMPETITION—USE OF PERSONAL NAMES—LIMITATION.

Complainant, L. E. Waterman Company, had established and built up a business in the sale of fountain pens under the name "Waterman's Ideal," when Arthur A. Waterman left its employ, and entered into a partnership under the name "A. A. Waterman & Co." for the manufacture and sale of pens in competition with complainant, and afterward transferred its business, good will, and the right to use such name to defendant. It was clearly shown that the use of the partnership name on its pens created confusion. *Held* that, to avoid such confusion and the deception of purchasers, it would be enjoined from using the name "Waterman" at all, unless it substituted for its firm name on its pens the name

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

"Arthur A. Waterman & Co.," and followed it by the words, "not connected with the L. E. Waterman Co."

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 82; Dec. Dig. § 71.*

Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the L. E. Waterman Company against the Modern Pen Company. Decree for complainant, and defendant appeals. Modified and affirmed.

For opinion below, see 193 Fed. 242.

Cross-appeals in favor of the complainant in a suit charging infringement of trade-marks and unfair competition. This case has been before this court before upon an appeal from an order granting a preliminary injunction; the opinion of this court being reported in 183 Fed. 118, 105 C. C. A. 408.

Alexander S. Bacon, for appellant.

Samuel S. Watson, for appellee.

Before WARD and NOYES, Circuit Judges, and HOLT, District Judge.

PER CURIAM. In our opinion the testimony upon the final hearing was not substantially different from that presented by the affidavits which were before us in the former record. The most important additions to that record consist of the Italian decree and the testimony concerning the Lockwood transactions, but we agree with the conclusions of the district judge that those items do not materially change the situation.

The case before us, then, is practically the case which came up before, and we are not convinced that our conclusions reached at that time were erroneous, or that the final relief granted should vary from the preliminary relief which we then regarded as proper, except in one particular.

The record clearly demonstrates the confusion arising from the use by the defendant of the name "A. A. Waterman & Co." in the pen business in view of its similarity to the name of the complainant. The defendant has the right to use the name, but the complainant and the public have the right to insist that provision be made for minimizing the confusion arising from such use so far as practicable. We think that the suffix required in the decree appealed from tends to characterize the defendant's product as inferior to that of the complainant and is unduly prejudicial to it. The defendant should, however, distinguish its goods from those of the complainant, and, in our opinion, should do so by employing after the name "A. A. Waterman & Co." or A. A. Waterman," the words "not connected with the L. E. Waterman Co." This notice should be sufficient to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

put the public upon inquiry. We think it all that the facts of the case require, but it is the very least they do require.

The decree appealed from will be modified by striking out the words "not connected with the original 'Waterman' pens," and inserting in lieu thereof the words, "not connected with the L. E. Waterman Co."

The costs of this court and the costs of the lower court arising after our decision upon the former appeal will be divided equally between the parties. Costs of the lower court accruing before that time are awarded to the complainant.

With the modifications stated the decree of the District Court is affirmed.

### On Petition For Rehearing.

In addition to the modifications of the decree appealed from stated in the opinion, the order for the mandate may require the defendant to use the name "Arthur A. Waterman & Co." instead of "A. A. Waterman & Co."

If, as stated in its petition, complainant feels that the required suffix "will only increase the existing wide-spread confusion and substitution," the order for the mandate will, at its option, contain no provision for a suffix.

The petition for a rehearing is denied.