### COCA–COLA CO. v. GAY–OLA CO.

### GAY–OLA CO. v. COCA–COLA CO.

#### (Circuit Court of Appeals, Sixth Circuit. March 13, 1914.)

#### Nos. 2542, 2543.

1. TRADE-MARKS AND TRADE-NAMES (§ 100*)—UNLAWFUL COMPETITION—SALE. OF DEFENDANT'S PRODUCT—METHOD.

Where defendant put out a soda water syrup in unlawful competition with coca-cola, it was not entitled to sell its syrup in bulk to bottlers on their agreement to put it up only in such bottles as would cause it to reach the ultimate consumer in a form permitted by a decree in a suit for unlawful competition; complainant being entitled to restrain the marketing of defendant's product except through such branches or agencies as would charge defendant with their acts.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 114; Dec. Dig. § 100.*

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. TRADE-MARKS AND TRADE-NAMES (§ 100*)—UNLAWFUL COMPETITION.

In a suit for unlawful competition, it is proper for the court under certain circumstances in settling a decree forbidding unfair competition to prescribe that certain forms may be used, and if used will not constitute prohibited fraud.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 114; Dec. Dig. § 100.*]

Appeals from the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit in equity by the Coca-Cola Company against the Gay-Ola Company. From a decree in favor of complainant in a suit for unlawful competition, both parties appeal. Modified.

W. D. Thomson and Candler, Thomson & Hirsch, all of Atlanta, Ga., and Lehman, Gates & Martin, of Memphis, Tenn., for Coca-Cola Co.

Leo Goodman and Hirsh & Goodman, all of Memphis, Tenn., for Gay-Ola Co.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Upon settlement of a decree in the district court pursuant to our opinion in Coca-Cola Co. v. Gay-Ola Co., 200 Fed. 720, 119 C. C. A. 164, the questions arising were so disposed of as to cause both parties to appeal. This makes it necessary for us to consider and apply our former opinion.

The Gay-Ola Company offered two plans by which it thought its syrup might be kept in bulk at soda fountains, and there prepared in glasses and served, without too much danger that it would be palmed off for Coca-Cola. We agree with the district judge that neither plan would be efficient, or within the fair meaning of our opinion. Upon the appeal of the Gay-Ola Company, the action below must be affirmed.

[1] The Gay-Ola Company claims it should be allowed to sell its syrup in bulk to bottlers in different parts of the country who will agree with it to put up the syrup only in such bottles as will cause it to reach the ultimate consumer in the form permitted by our opinion. The Coca-Cola Company insists that this would result in evasion of the intended restriction, since the bottlers could then use or sell the syrup as they pleased. We cannot see how it is possible for this syrup, carrying what on the record must be called the guilty color, to be sold by the Gay-Ola Company, so that it loses title and control, and for the court at the same time to retain practical power to enforce against the Gay-Ola Company the existing restriction upon the ultimate form of sale. Obviously, by establishing its own bottling works in different places, or by causing the bottling to be done by its agents, whose acts are its acts, it can get its product on the market in bottled form; if such branches or agencies are impracticable, and the Gay-Ola Company must either change the color or abandon the business, this result must be charged to its fraudulent inception—to a "congenital defect." We think the decree should absolutely prohibit sales by the Gay-Ola Company unless in the form prescribed for ultimate use.

[2] The Gay-Ola Company presented a package which it proposed to use for its bottled product, in order to differentiate from the Coca-Cola bottled product; and asked the district judge to approve and sanction this form by a paragraph in the decree. He did so. The Coca-Cola Company appeals from this action, and insists that the court cannot, in settling a decree forbidding unfair competition, prescribe that certain forms may be used, and will not constitute the prohibited fraud. This seems to be held in the Seventh Circuit Court of Appeals.

Hires v. Consumers' Co., 100 Fed. 809, 41 C. C. A. 71; Williams v. Mitchell, 106 Fed. 168, 45 C. C. A. 265; Sterling Remedy Co. v. Spermine Med. Co., 112 Fed. 1000, 50 C. C. A. 657. We are not content to adopt this rule. To say that such action is not within the issues seems hardly accurate, because the pleading issues in such suits are usually general and broad enough to include all the specific forms of the device which have been or may be used. It is clear that there are cases where the problem presented by the new form for which authority is asked will be so far away from the questions which the court has considered, and which the proofs cover, that it ought not to be solved without a new suit or a new proceeding; but there are many cases where the court will be as ready as it ever can be to decide such a question; and to refuse to do so, and compel a new suit, is unnecessarily to prolong uncertainty and litigation. Whether a given case falls within one or the other class, or whether opportunity for additional and summary hearing will properly take the case from the second class into the first, can safely be left to the discretion of the court. The practice condemned in the Seventh Circuit was followed by Judge Coxe at Circuit (Carlsbad v. Schultz [C. C.] 78 Fed. 469, 472); and it seems to us equivalent to what we think is very common in unfair competition cases, i. e., providing that defendant's publication or article shall contain, or shall be enjoined unless it does contain, a certain notice or label, for this amounts to saying that if it does contain the prescribed notice it will not violate the decree. This has been done (if not more generally) in the Second Circuit (Waterman Co. v. Modern Co. [C. C. A.] 197 Fed. 534, 535, 117 C. C. A. 30); in the First Circuit (Merriam Co. v. Ogilvie [C. C. A.] 170 Fed. 167, 168, 95 C. C. A. 423); and in this court (Merriam v. Saalfield, 198 Fed. 369, 378, 117 C. C. A. 245).

The question whether the court below rightly approved the form of bottle then presented needs no discussion. The Gay-Ola Company does not now insist upon the one then authorized, but in open court before us presented another form, which counsel for the Coca-Cola Company accepted as satisfactory. We will effectuate their agreement by directing that the decree authorize this new form, instead of the form approved by the district judge. The decree below will be re-entered in the same form it now is, excepting that the following two paragraphs will be substituted for the corresponding paragraphs in the entry appealed from.

"It is further ordered, adjudged, and decreed that the said defendant, its directors, officers, agents, servants, employés and assigns, and each and every one of them, be and they are hereby perpetually enjoined, restrained and prohibited from selling, or disposing of Gay-Ola of the same or substantially similar color to Coca-Cola, except when the same is sold by it in bottles, receptacles, or packages marked or labeled prominently with the name of the defendant's product, and designed and intended to be sold and delivered to the ultimate consumer in said original bottle, receptacle, or package, with said mark or label still remaining thereon.

"It is further ordered, adjudged and decreed that the proposed bottling package presented to the Circuit Court of Appeals upon its hearing of cases No. 2542 and No. 2543 does constitute a package by which the ultimate consumer will be fairly advised that he is not getting Coca-Cola; and that the sale of Gay-Ola in such package to the ultimate consumer, or to others in such

package for sale to the ultimate consumer thereof, will not constitute any violation of this decree. The bottling package so authorized is a long-necked clear-glass bottle. having two complete annular ribs and two partially complete such ribs blown in the body of the bottle; and having the word 'Gay-Ola' in large capital letters blown in the shoulder thereof, and the words 'The Improved Cola' in the body thereof; being also provided with a cap or crown on which the words, 'Gay-Ola. It's Better,' are printed in red. This package is further identified by filing one of the same as an exhibit in this cause. and by front and rear photographs thereof attached to this decree, and made a part hereof."

Neither party will recover costs against the other.