### KNABE BROS. CO. v. AMERICAN PIANO CO.

(Circuit Court of Appeals, Sixth Circuit. April 14, 1916.)

Nos. 2673, 2674.

TRADE-MARKS AND TRADE-NAMES ☞73(1)—INFRINGEMENT—UNFAIR COMPETITION.

The form of notices required to be affixed by defendant to its pianos to distinguish them from those of complainant, which were older in the market, where both bore the name "Knabe" considered.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. ☞73(1).]

On petition to modify opinion. Modified and affirmed.

For former opinion, see 229 Fed. 23, —— C. C. A. ——.

Before KNAPPEN and DENISON, Circuit Judges, and CLARKE, District Judge.

PER CURIAM. Our opinion, filed February 11th last, provided for hearing counsel upon the precise language of the cheek-block notice upon appellant's piano. Each party has presented suggestions on that subject. Certain modifications of the opinion are also asked. We state our conclusions upon the various subjects:

(a) We think the form of the cheek-block notice, suggested in our opinion, should be used without modification. This notice may contain the guaranty and statement of inspection as in appellant's original cheek-block notice. It should be in plain type, substantially of the kind used in the printed slips presented by appellee, should be printed on paper securely glued to the cheek-block and well covered by transparent varnish. The cheek block should be secured in place by the use both of glue and a screw.

(b) The fall-board inscription should be in the words "Made by the Knabe Bros. Co., Cincinnati, O.," arranged in three lines, the upper containing the words "Made by," the lowest the words "Cincinnati, O.," and the words "The Knabe Bros. Co." between the first and the third lines. The words last named should be no more prominent than in form 1 of appellant's proposed fall-board designation, Exhibit A, and the other words should be as prominent as in that suggested form. We see no valid objection to the use of script in the name of appellant company with the lower arm of the letter "K" underlining the words "Knabe Bros.," as in Exhibit A mentioned.

(c) We adhere to the form of notice required by our opinion "to be conspicuously inserted in catalogues and advertisements, and to be framed and kept displayed upon defendant's pianos in all salesrooms in which they are offered for sale." We see no occasion for a warning notice upon concert programs in which merely the name of the piano is given, with nothing referring to the sellers, manufacturers or place of sale. In such case, appellee would not be injured by possible confusion but would quite as likely be benefited thereby. No form of appropriate and effective short notice for short advertisements has been presented; no such appropriate and effective form occurs to us, and we must, therefore, leave our opinion as it stands upon the subject of warning notice in advertisements. Manifestly, an effective warning notice upon ordinary street signs, illuminated or otherwise, is impracticable; appellant, however, should not be allowed to use such signs without such warning notice.

(d) Appellant has, in this court, prevailed to a substantial extent upon the merits, and should, therefore, recover full costs of this court, as announced in our opinion. The fact, as alleged, that appellant did not actually use the cheek-block notice before appellee's bill was filed is immaterial either to the opinion or to the subject of costs.