### FAIRBANKS v. AMERICAN PIANO CO.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1917.)

No. 3024.

APPEAL AND ERROR ☞1221—MODIFICATION OF DECREE—UNFAIR COMPETITION
—INJUNCTION.

   The decree of a District Court, entered upon mandate of the Circuit
Court of Appeals in a suit for infringement of trade-mark, considered
and modified, and, as so modified, approved as in conformity to the
mandate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4722.]

Appeal from the District Court of the United States for the South-
ern District of Ohio; Howard C. Hollister, Judge.

Suit in equity by the American Piano Company against the Knabe
Bros. Company. From a decree entered on mandate, N. H. Fair-
banks, receiver of the Knabe Bros. Company, appeals. Modified.

The following is the memorandum referred to in paragraph 1 of the
opinion:

   It appearing to the court that the inconveniences which will result to appel-
lant from enforcing the requirement, announced in our opinion of April 14,
1916 (232 Fed. 140, 146 C. C. A. 332), that the cheek block of appellant's pianos
be secured in place by the use both of glue and screw, more than outweigh
the benefit by way of protection to appellee afforded thereby, the provision
in question is hereby so modified as to require the securing of the cheek block
by screw only, in the case of both upright and grand pianos.

Kramer & Bettman, of Cincinnati, Ohio, for appellant.

Harmon, Colston, Goldsmith & Hoadly, of Cincinnati, Ohio, for ap-
pellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit
Judges.

PER CURIAM. Our opinion upon appeal from the final decree
of the District Court as first entered (229 Fed. 23, 143 C. C. A. 325)
directed the entry of a modified decree in accordance with our deci-
sion upon the various meritorious questions involved; many of the
details of the modified decree being worked out in that opinion. By
a later memorandum (232 Fed. 140, 146 C. C. A. 332) certain details
were further considered; and by a still later memorandum still other
items were passed upon.

The present appeal is from the modified decree entered pursuant to
our mandate; appellant's contention being that the decree as entered
is not in accordance with "either the letter or spirit" of our opinions.
Our former opinions and orders have so fully covered the specific
questions now raised as to render further discussion unnecessary.
There seems required no more than the bare decision whether the
District Court has correctly applied our directions, so far as made or
intended, with respect to the particular features assailed as erro-
neous.

The criticism that the spirit of the decree, as entered, is out of harmony with our decision, is too intangible to act upon. The District Judge has, of course, followed our mandate according to his interpretation of it, and of our opinions and orders on which the mandate is based. He was not bound to use as a basis for the modified decree the draft presented by appellant in preference to that prepared by appellee, or to adopt one arrangement or method of statement in preference to another. It must be remembered that the original decree below was in effect affirmed, except so far as it was specifically modified.

Our conclusions are these:

1. We see no substantial basis for objection to either the first, second, fourth, sixth, and seventh paragraphs of the modified decree as entered, nor to paragraph 5 when considered in connection with the amendment to paragraphs 8 and 15 herein provided for. The third paragraph of the decree does not seem to be criticized.

2. Paragraph 8 should be amended so as to read as follows:

"8. It is further ordered, adjudged and decreed that said the Knabe Bros. Company, its officers, agents, employés and representatives be, and they hereby are, severally and respectively perpetually enjoined from doing any act, or making or authorizing or permitting to be made any statement or representation, by advertisement or otherwise, that would lead the public to believe that pianos manufactured by or for defendant, or to be sold or disposed of by or for it, are Knabe pianos; but nothing in this decree shall be construed to forbid the assertion of a claim that the Knabe Bros. pianos have the quality of Knabe pianos, provided in connection with such claim defendant shall unmistakably disclaim that its pianos are manufactured by the original manufacturers of Knabe pianos, or by any successor of such original manufacturers, so as to preclude any confusion in that respect."

3. Paragraph 12 should be amended by substituting the following language in place of the last clause therein, viz.:

"The printed and framed notice provided for by paragraph 11 of this decree shall contain no qualifying language other than that set forth in paragraph 10 hereof."

4. Paragraph 15 should be amended to read as follows:

"15. Subject to the prior provisions hereof, it is further ordered, adjudged and decreed that nothing herein shall prevent Ernest J. Knabe, Jr., and William Knabe, III, from doing business under their own names or under the name of the Knabe Bros. Company, or from stating fully in catalogues, circulars or other advertising, either in connection with the notice provided for by paragraph 10 of this decree or otherwise (but not as a part of that notice), the whole truth in regard to its and their manufacture and that of complainant, including the facts that the piano of their manufacture is made under the supervision of Ernest J. Knabe, Jr., and William Knabe, III, that they are grandsons of William Knabe, I, the extent to which the piano business was built up by their father, grandfather and themselves, the extent to which they received their training and education under their father, including also all other acts and claims elsewhere in this decree expressly or impliedly permitted."

5. Except as modified by the amendments expressly provided for by this opinion, the decree appealed from is affirmed.

6. The costs of this court will be divided.