## R. M. HOLLINGSHEAD CO. v. BASSICK MFG. CO.

### Nos. 5397, 5398.

Circuit Court of Appeals, Sixth Circuit.
June 9, 1931.

Lynn A. Williams, of Chicago, Ill. (Thomas H. Sheridan and Williams, Bradbury, McCaleb & Hinkle, all of Chicago, Ill., on the brief), for Bassick Mfg. Co.

Melville Church, of Washington, D. C. (Leonard Kalish and Frank S. Busser, both of Philadelphia, Pa., on the brief), for Hollingshead Co.

Before DENISON, and MACK, Circuit Judges, and RAYMOND, District Judge.

DENISON, Circuit Judge.

In Lyman Mfg. Co. v. Bassick Mfg. Co., 18 F.(2d) 29, we held the Gullborg patent, No. 1,307,734, valid as to certain claims and contributorily infringed by Larkin, through the sale of his compressor or grease gun for the purpose of being used in connection with plaintiff's pin fittings to make up the combination described in these claims. The Circuit Court of Appeals of the Seventh Circuit, in Larkin Automotive Parts Co. v. Bassick Mfg. Co., 19 F.(2d) 944, sustained the Zerk patent, No. 1,475,980, and held that the devices manufactured by Larkin infringed claims of this patent. The Hollingshead Company, through a subsidiary at Memphis, had been purchasing and selling these Larkin devices, thus held to infringe these two patents. On account of such sales, the Bassick Company brought, in the court below, this suit, complaining of the infringement of these two patents. Upon due application a preliminary injunction issued, which was expressly directed against the further sale of these Larkin devices, although it also used general and somewhat vague language of further prohibition. The defendant, having answered, filed petitions presenting to the court certain specimens of couplers, or fittings, which it had not used or sold but which were in its possession, and thereupon asked the judgment of the court whether the sale of these devices by defendant, if it should sell the same, would constitute infringement of the patents in suit. These petitions were referred to the standing master to hear proof as to whether these devices, or similar devices which might be submitted to him, constituted infringement of either patent in suit, and to report his conclusions of fact and of law. The master held hearings and made a very careful and elaborate report, intended to cover every position or contention which counsel on either side had presented to him, and which was, in his judgment, within the scope of the order of reference. The substance of the report was that these new devices did not, of themselves, or in combination as a system, constitute infringement of the Gullborg patent; but that the commercial situation indicated to him that defendant intended to sell these parts, not to make up its own system but to be used in connection with complainant's patented parts, and thus to constitute contributory infringement. To this report both parties filed exceptions,—the plaintiff to the master's conclusions or opinions that there would not be direct infringement, and the defendant to every finding or expression of opinion indicating that there would be contributory infringement. These exceptions came on for hearing before the court, which entered a decree, overruling a certain special defense which we have not mentioned, but upon the main questions saying only "that the report of the standing master, on file herein, be and the same is hereby in all respects confirmed. That the temporary injunction hereinbefore issued be and the same hereby is made perpetual." There was no finding or decree as to the validity of specified claims of either patent, or as to the fact of infringement, or its nature if it existed.

█ It seems quite clear that a decree which merely confirms a master's report is generally not final and not appealable. Walter Scott & Co. v. Wilson (C. C. A. 7) 115 F. 284; Ragan, Malone & Co. v. Cotton & Preston (C. C. A. 5) 195 F. 69; Kingsbury v. Kingsbury, 20 Mich. 212. We assume that there may be cases where the nature of the question is such and where such other action is taken (as here, the issue of a highly detailed permanent injunction) that such a confirmation ought to be thought substantially equivalent to a final decree; in this case, the clause which makes the temporary injunction perpetual is doubtless final in its character; and if the question which thus seemed to be finally disposed of were the real question in the case, we would be inclined to pass upon it; but to assume jurisdiction of the appeal upon that ground, would compel us to give the order of confirmation a much more limited effect than was intended. Indeed, the questions involved in granting the preliminary injunction were never referred to the master.

██ The action of the court below in undertaking to approve (if by the confirmation it did so undertake) a declaratory judgment as to what the rights of the defendant would be if it pursued a new course of conduct which it was contemplating, was doubtless intended to be pursuant to our announcement in Coca-Cola Co. v. Gay-Ola Co., 211 F. 942, 944. Compare Kalamazoo Co. v. Proudfit Co. (C. C. A.) 243 F. 895, and Knabe Co. v. American Co. (C. C. A.) 232 F. 140. Whether this course should be taken is, in a broad way, within the discretion of the trial court; but we think the circumstances of this case, as they developed before the master, made it inappropriate for the favorable exercise of that discretion. Whether there would be contributory infringement would depend upon whether defendant did thereafted pursue a certain course of business conduct, and a conclusion of infringement very likely would depend upon a finding that defendant had the intent to make a particular use of its devices, which intent it would deny, and which would depend somewhat upon uncertain inferences. It is plainly inadvisable to attempt a declaratory judgment which will involve such questions and be based upon such inferences; and we are satisfied that in so far as this decree was intended, if it was, to accomplish such a declaration, it was beyond the reasonable exercise of such discretion as the District Court has in that situation.

It was argued to us that the proper construction of some more or less ambiguous language in our former opinion, and the giving of due effect to some things appearing in this record and not in that, made the proper disposition of the questions raised by the master's report so clear that we ought to end the matter by so declaring them; and that there was sufficient jurisdiction of the appeal, through the ordering of the permanent injunction, so that we could do this. It also came to our notice that the underlying question of contributory infringement was so involved in a case recently decided by the Second C. C. A. [American Corp. v. Carbice Corp., 38 F.(2d) 62], and taken by the Supreme Court on certiorari 281 U. S. 711, 50 S. Ct. 347, 74 L. Ed. 1133, that its final decision might clearly cover the question here involved, and justify summary disposition. That case has now been decided. 51 S. Ct. 334, 75 L. Ed. —— (March 9, 1931). We express no final opinion as to its applicability; but only say that its controlling force is not clear enough to make advisable the decision of this case in reliance only upon a doubtful or limited appellate jurisdiction. It will in the end be more satisfactory to the court and probably to the parties if the questions mainly argued are presented upon a record where they are rightly raised and where the court may have proof of actual conduct rather than inferences as to probable conduct.

Both appeals will be dismissed, because not taken from a final decree, and because the case was not suitable for a declaratory judgment.