### R. M. HOLLINGSHEAD CO. v. BASSICK MFG. CO.
### Nos. 5397–5398.

Circuit Court of Appeals, Sixth Circuit.
Nov. 13, 1931.

For former opinion, see 50 F.(2d) 592.

Before DENISON and MACK, Circuit Judges, and RAYMOND, District Judge.

PER CURIAM.

In 50 F.(2d) 592, we dismissed this appeal because we thought we were asked only to review a declaratory judgment. On this rehearing application, it is insisted that the appeal rightly covered other features, and required decision on the merits.

We thought the only contention intended to be made on the appeal (as to Gullborg) was that no contributory infringement would arise by using in the combination a coupler like Exhibits A, B, and F before the master, in which there was nothing of the Gullborg suction effect. Indeed, we were told that we might disregard all other assignments of error and pass only upon No. 10, which was: "The court erred in holding that the manufacture, sale and/or use of any old and unpatented grease dispensing pump or compressor having any old and unpatented bayonet type of conduit coupler thereon, for connection with grease cups manufactured and sold by plaintiff according to the Gullborg patent No. 1,307,733, constitutes contributory infringement of Claims 14 and 15 of the Gullborg patent No. 1,307,734." It was natural to think that this assignment was intended to refer to the devices produced by the defendant before the master as Exhibits A, B, and F; and, upon further consideration, we think we were justified in so treating it, as thus intended to present to us only the structures offered before the master.

It is now said that this assignment was intended to preserve and present questions of infringement not limited to these three exhibits. Upon the motion for a preliminary injunction, plaintiff proved the sale by defendants of two compressor-greasing structures comprising coupler members; one to Beasley and one to Cumming. A preliminary injunction was issued directed specifically against these two structures. No appeal was taken. After the proceeding before the master, the case came on for the so-called final hearing based upon the master's report. The decree was that the report be in all respects confirmed, "that the temporary injunction heretofore issued be and the same is hereby made perpetual," and that the case be referred for an accounting of profits and damages. This was all interlocutory, in spite of the word "perpetual;" but this appeal was taken within thirty days. There was no adjudication that the patent was or that any particular claims were valid and infringed; but defendant says that the clause making perpetual the earlier preliminary injunction was the interlocutory continuing of an injunction against the sale of the Cumming device, and therefore furnished a basis for an assignment that it was error to hold this Cumming sale to be a contributory infringement. The injunction issued did specifically enjoin sales of this Cumming type; but appeals are from orders, not from writs. While there was an assignment of error (5) complaining of the holding of infringement against the Cumming type (otherwise described), assignment No. 10, above quoted, was intended to group and include all the pertinent specific complaints, and whether it should be construed to preserve separately the question of infringement by the Cumming type depends on whether this was an "old and unpatented coupler." It was conceded that the Beasley type was not thereby preserved for appellate review, as that embodied a suction effect coupler. The Cumming coupler contained a spring, actuating a part of the sealing member. It did not show Gullborg's suction effect, but it was claimed to be sufficiently equivalent. It was not clear that the Cumming device presented completely and clearly the issue which defendant wished to stand upon, and it is for this reason, we suppose, that it presented before the master Exhibits A, B, and F, which were not complicated by any such spring action, and based its testimony before the master upon these exhibits and without other than brief and rather casual reference to the coupler of the Cumming device.

Even if we overlook the lack of any decree in the ordinary form sustaining the validity of any claim, or adjudging infringement by any particular structure, and the difficulty of preserving for review on appeal one specific question of infringement where it is so confused with other issues as here,

yet we must think that appellant intended its appeal to raise and rest upon the broader question of infringement, which it undertook to present before the master, and so that our disposition of the matter was right.

As to the Zerk patent, though distinction can be drawn, yet there is no substantial difference. There was a similar general assignment of errors (No. 11) upon which we were told the appeal might be considered as exclusively resting. The decree did not mention the Zerk patent, although the injunction made reference to it. There is no assignment of error making any specific reference to any supposed holding that the Cumming coupler was a basis for contributory infringement of the Zerk patent. Every assignment may fairly and naturally be limited to the subject-matter which first appeared before the master.

We should make it clear, if it is not, that the order appealed from was interlocutory, and, after this dismissal, continues to be so. No question involved is foreclosed when the case again comes before the District Judge.

The rehearing is denied.