## JEFFERSON ELECTRIC CO. v. FRANCE MFG. CO.

No. 5431.

·District Court, N. D. Ohio, E. D.

June 4, 1938.

Brown, Jackson, Beottcher & Dienner, of Chicago, Ill., M. B. & H. H. Johnson, of Cleveland, Ohio, and John A. Dienner and Frank Parker Davis, both of Chicago, Ill., for plaintiff. ·

Bates, Golrick & Teare, of Cleveland, Ohio, for defendant.

WEST, District Judge.

The decisions of our Circuit Court of Appeals Kalamazoo Loose-Leaf Binder Co. v. Proudfit Loose-Leaf Co., 6 Cir., 243 F. 895, and Hollingshead Co. v. Bassick Mfg. Co., 6 Cir., 50 F.2d 592, hardly leave room for a District Judge to question his power to pass on the infringing character of ·defendant's proposed new structure (physical Ex. 4). In two cases involving the simplest of structures, I followed the Kalamazoo decision. But here we are concerned not with such simplicity but with electric and magnetic forces operating in ways not fully understood by the court, through primary and secondary coils, shunts, cores, etc. Again, in the Hollingshead case, the question of contributory infringement was involved, and was held to put the matter beyond the reasonable exercise of the court's discretion. Here the plaintiff claims and the defendant denies contributory infringement. Further, in open court plaintiff waived contempt proceedings against defendant so far as this new structure is concerned. In view of the authorities cited in the Kalamazoo case [243 F. 900], and the court's statement: "There is no inherent injustice to a plaintiff in allowing a defendant to submit to the court his proposed noninfringing structure, rather than to submit himself to civil and even criminal action for contempt, as well as action for infringement", this appears quite an important point of distinction between that case, the two cases formerly decided by me, and the case at bar.

Assuming the power to exist, no sufficient reason appears for its exercise, the motion will be sustained and the order to show cause vacated, with exception to defendant.