806

## J. E. HADDOCK, Limited, et al. v. PILLS-BURY, Deputy Commissioner, et al.

### No. 23542-G.

District Court, N. D. California, S. D.

March 15, 1945.

Godfrey Nordmark and McComb & Nordmark, all of Denver, Colo., and Frank J. Creede and Keith & Creede, all of San Francisco, Cal., for complainants.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for Warren H. Pillsbury, Deputy Commissioner.

GOODMAN, District Judge.

The defendant Deputy Commissioner's decision awarding compensation to the widow of a deceased employee rests upon his finding that the widow was, at the time of decedent's death, living apart from him "for justifiable cause and by reason of his desertion at such time." 33 U.S.C.A. §§ 902(16), 909(b).

Upon review, the court should not disturb the Commissioner's finding and decision, if supported by substantial evidence. Crowell v. Benson, 285 U.S. 22, 46, 47, 52 S.Ct. 285, 76 L.Ed. 598; Voehl v. Indemnity Ins. Co., 288 U.S. 162, 166, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; Parker v. Motor Boat Sales, 314 U.S. 244, 246, 62 S.Ct. 221, 86 L.Ed. 184.

The finding above referred to was supported by substantial evidence, provided it was not precluded by a decree of divorce awarded the deceased employee on the ground of the widow's cruelty, but not yet final at the time of the employee's death.

I am of the opinion that, absent a final decree of divorce, or a decree final by lapse of time,[1] the Commissioner could explore the facts and himself determine, in the compensation proceeding, whether the widow was, at the time of decedent's death, living apart from him "for justifiable cause or by reason of his desertion at such time."

This he did. The evidence he heard supports his finding and it should not be disturbed on review.

The order of the Compensation Commissioner is sustained and the complaint is dismissed.

---

[1] As to the distinction between interlocutory and final decrees and the conclusiveness of such adjudications, see the following: L. E. Waterman Co. v. Modern Pen Co., D.C.N.Y.1912, 193 F. 242, modified on other grounds, 2 Cir., 197 F. 534, affirmed 235 U.S. 88, 35 S.Ct. 91, 59 L.Ed. 142; Ryerson & Son, Inc. v. Bullard Machine Tool Co., 2 Cir., 1935, 79 F.2d 192, certiorari denied 296 U.S. 648, 56 S.Ct. 308, 80 L.Ed. 461; Dusing v. Nelson, 7 Colo. 184, 2 P. 922, 923; Glenn v. Brush, 3 Colo. 26; Baker v. Eilers Music Co., 175 Cal. 652, 654, 655, 166 P. 1006; Webb v. Buckelew, 82 N.Y. 555, 560.