FORD MOTOR CO. v. WILSON.

(District Court, D. Rhode Island.   June 9, 1915.)

No. 52.

1. TRADE-MARKS AND TRADE-NAMES ☞73—UNFAIR COMPETITION—USE OF NAMES.

The Ford Motor Company is entitled to enjoin a dealer in auto parts adapted for use on its automobiles, but not manufactured by it, from advertising them as Ford articles and issuing a publication entitled "Fordealer," thus indicating dealings in articles of Ford manufacture, since, while such dealer has a right to inform the public that he is manufacturing articles suitable for use on such machines, in common acceptation the word "Ford" indicates articles manufactured by such company.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84;  Dec. Dig. ☞73.]

2. TRADE-MARKS AND TRADE-NAMES ☞87—UNFAIR COMPETITION—LACHES OR ACQUIESCENCE.

Even though such company had some knowledge of defendant's description of his articles as Ford articles, mere nonaction or the ignoring of a few violations of its rights could not deprive it of the right to stop such unauthorized use of its name when it became of considerable magnitude, nor confer upon defendant any right to put forth his goods with a misrepresentation as to their manufacture.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 96;  Dec. Dig. ☞87.]

In Equity.  Suit by the Ford Motor Company against Thomas Wilson, doing business as the Auto Parts Company.  Preliminary injunction granted.

Crisp, Randall & Crisp, of New York City, and John S. Murdock, of Providence, R. I., for complainant.

Wilson, Gardner & Churchill and Horatio E. Bellows, all of Providence, R. I., for respondent.

BROWN, District Judge.  [1] The defendant does business under the name of Auto Parts Company, and manufactures and sells various parts adapted for use in Ford automobiles.  He has extensively advertised these parts, preceding the name of the part with the word "Ford."

Though the parts are adapted for use in Ford machines the description of the article as a Ford article would be taken to mean an article manufactured or put out by the Ford Company, and would not properly include an article wholly manufactured and put out without the supervision of the Ford Company.

The defendant also issues a publication entitled "Fordealer," thus indicating dealings in articles of Ford manufacture.  This is contrary to the fact, since the articles advertised and dealt in are of his own manufacture, and are not in any way derived from the complainant.

While the defendant has a right to inform the public that he is manufacturing articles suitable for use on Ford machines, he should not be permitted to advertise them as Ford articles, but should be

required to describe them in such way as to indicate that they are not manufactured by the complainant.

The defendant makes some attempt to show acquiescence by the complainant. This attempt is not successful. So far as the publication called "Fordealer" is concerned, this was begun after protest by the complainant against the use of the Ford name.

[2] Even had the complainant some knowledge of the description of the defendant's articles as Ford articles, mere nonaction, or the ignoring of a few instances of violation of right, could not deprive it of the right to stop an unauthorized use of its name when such use became of considerable magnitude, nor could it confer upon the defendant any right to put forth his goods with what must be held to be a misrepresentation as to origin.

While the defendant may have considered himself morally justified in calling these articles Ford articles, because they were adapted for use in Ford machines, such an opinion would be erroneous, since, in common acceptation, the word "Ford" would indicate, not merely adaptation to use in Ford machines, but articles manufactured by the complainant company. It is in the latter respect that the defendant has violated the complainant's rights.

Preliminary injunction will be granted.