## AMERICAN SAFETY RAZOR CORPORATION v. INTERNATIONAL SAFETY RAZOR CORPORATION et al.

Circuit Court of Appeals, Third Circuit.
September 4, 1929.

No. 3945.

Milton Dammann, of New York City (Charles Evans Hughes, of New York City, of counsel), for appellant.

Davies, Auerbach & Cornell, of New York City (Martin A. Schenck and Charles E. Hotchkiss, both of New York City, of counsel), for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge. The plaintiff is a Virginia corporation engaged in the manufacture and sale of razors and blades and kindred articles, and is the successor in business to three corporations, the former owners of the trade names and marks, being "Gem," "Ever Ready," and "Star," which were acquired by plaintiff with the good will of the business in 1919. The defendants are selling safety blades of their own make, in cartons and packages bearing the plaintiff's names and displayed on its advertising matter.

A preliminary injunction restraining the defendant from the use of their cartons and advertising matter was granted. In like manner, a preliminary injunction was granted against the Woolworth Company in the Southern District of New York; the court, in its order, setting forth certain circulars and advertising matter, which the court held could be used by the Woolworth Company in the sale of defendant's blades pending final hearing. On the trial of the case here, the bill was dismissed. There could be no question, and the court held that the plaintiff has the right to use all of its trade-marks on safety razors and blades, and to mark and advertise its products through its selling corporations as they were used before purchase by the plaintiff. But the court seemed to conclude that the plaintiff was selling the same blade at varying prices under a simulating competition in advertising; that it worked a fraud on the public, and, coming into a court of equity with unclean hands, that the bill should be dismissed. This does not appear to have been an issue, either raised or suggested on the trial, and therefore the testimony bearing on the question is exceptionally meagre. But the record does show differences in the cost of plaintiff's blades, which would appear to justify a difference in selling price.

The three products of the plaintiff are sold by separate corporations, and in the sale of these products each selling agency separately advertises its frames and blades, and not unnaturally each extols the merits of its particular razor and blade. Because each may state that it has the best razor and the best blade is not a fraud on the public, as the plaintiff may legitimately foster and maintain competition among its products. The court is not the keeper of the public conscience, and it would be going very far to hold that, because a complainant did not in some manner measure up to the court's ideas of ethical fairness, the fact is sufficient to bar it from all redress in a court of equity.

As the plaintiff has a clear property right in its trade marks and names, it is the

manifest duty of the defendant to differentiate its goods from those of plaintiff, so that the public may get the article it wishes to buy. The evidence clearly establishes that defendant's methods have led to continual confusion, by which the public is constantly deceived, and appears to establish a deliberate intent on defendant's part to trade on its trade names and marks.

The decree of the court, dismissing the plaintiff's bill, should be reversed, and the bill reinstated.

BUFFINGTON, Circuit Judge, took no part in the decision of this case.