COLUMBIAN ART WORKS, Inc., v. DEFIANCE SALES CORPORATION.

No. 4427.

Circuit Court of Appeals, Seventh Circuit.

Nov. 21, 1930.

George L. Wilkinson, of Chicago, Ill., and Casanave Young, of Milwaukee, Wis., for appellant.

Benjamin T. Rauber, of New York City, and Warren G. Wheeler, of Milwaukee, Wis., for appellee.

Before ALSCHULER, SPARKS, and ANDERSON, Circuit Judges.

SPARKS, Circuit Judge.

This action was instituted by appellee to enjoin appellant from unfair competition and trade-mark infringement, and to recover damages and profits therefor.

Appellee is a New York corporation, and is the proprietor of the registered trade-mark "Gem" for calendar pads, of the registered trade-mark "Perfection" for calendar pads, memorandum files, and paper weights, and of the trade-mark "Jumbo Gem" for calendar pads. Several sizes of pads are made and sold under said trade-marks, the pads having holes punched at spaced intervals to correspond with and fit stands or holders of corresponding sizes. The pads are sold as complete and integral articles separate from the stands, and registrations were granted for said trade-marks as applied to calendar pads.

Appellant, a Wisconsin corporation, manufactures and sells calendar pads corresponding in sizes with appellee's pads. The shapes and sizes of appellant's respective pads are indicated by the size of the carton which contains the pad; and the position and size of the holes punched to receive the holding rods of the stands are indicated on the carton. Appellant issued to the trade catalogues in which it described its various pads with reference to appellee's trade-marks as "Punched same as former Columbian No. 88 and Gem," or with similar references to "Perfection" and "Jumbo Gem" in association with its own marks and former marks. On the cartons containing its pads, and on which is its trade-mark "Columbian-Success," appellant also makes reference to appellee's trade-marks, typical of which is the following:

"This calendar pad fits Columbian-Success Bases Req. No. 12 Pads, Former Success Bases Requiring No. 12 Pads, Former Columbian Bases Req. No. 12 Pads, Perfection Bases Requiring No. 2 Pads."

Appellant's pads are sold to the consuming public through retail stores, and the uncontradicted evidence is that prospective purchasers asking for "Gem," "Perfection," and "Jumbo Gem" calendar pads at representative stores were given pads of appellant's manufacture, under various representations to the effect that the "Jumbo Gem" and appellant's goods are the same; that the "Jumbo Gem" line had been taken over by appellant; that "Perfection" pads are not made

any more; that appellant had taken over the "Perfection" line; and that appellant's goods are the same as "Perfection."

A decree was awarded appellee in the District Court on the grounds of unfair competition and infringement both as to catalogues and cartons, from which appellant appealed.

The issues presented are: Has appellant committed acts of unfair competition? Has appellant infringed appellee's trade-marks?

In determining these questions we are governed by certain well-defined principles of law. A party will not be allowed to use the names, marks, letters, or other indicia of another by which he may pass off his own goods to purchasers as the manufacture of another. McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828. Nor will he be allowed to create the suggestion or inference that he has taken over the business of another. Marshall Ventilated Mattress Co. v. D'Arcy Spring Co. (C. C. A.) 280 F. 945. Representations suggested by, and following naturally from, the use of another's trade-mark are pertinent to the question of confusion of the marks and the goods of the parties. S. S. Kresge v. Champion Spark Plug Co. (C. C. A.) 3 F.(2d) 415; American Safety Razor Corp. v. International Safety Razor Corp. (C. C. A.) 34 F.(2d) 445. Infringement or unfair competition may be effected by means of a circular or advertisement. Marshall Ventilated Mattress Co. v. D'Arcy Spring Co. (C. C. A.) 280 F. 945; Mitchell v. Williams (C. C. A.) 106 F. 168; Trimble v. Woodstock Mfg. Co. (D. C.) 297 F. 524. The use of his own trade-mark by a party does not excuse his use of another's in conjunction with his. Jacobs v. Beecham, 221 U. S. 263, 31 S. Ct. 555, 55 L. Ed. 729; Menendez v. Holt, 128 U. S. 514, 9 S. Ct. 143, 32 L. Ed. 526; American Crayon Co. v. Prang (D. C.) 28 F.(2d) 515; Wolf Bros. v. Hamilton-Brown Shoe Co. (C. C. A.) 206 F. 611; S. S. Kresge v. Champion Spark Plug Co. (C. C. A.) 3 F.(2d) 415. The fact that the articles made by two separate parties may fit a common article or accessory, does not justify reference by one party to the marks of another, causing confusion between their respective goods. American Safety Razor Corp. v. International Safety Razor Corp. (C. C. A.) 34 F.(2d) 445; Metal Stamping Corp. v. General Motors Corp. (C. C. A.) 33 F.(2d) 411; S. S. Kresge v. Champion Spark Plug Co. (C. C. A.) 3 F.(2d) 415. A manufacturer is responsible for unfair competition and trade-mark infringements on the part of others suggested and set in motion by his acts, and for his own actions in originating and suggesting acts of unfair competition and trade-mark infringement on the part of others, whether responsible to him or not. Wolf Bros. v. Hamilton-Brown Shoe Co. (C. C. A.) 206 F. 611. It is not unfair competition, as against the manufacturer of a device bearing complainant's trade-mark, for a seller of other similar devices, designed for the same use, to state that they can be used in complainant's device. Myles Standish Mfg. Co. v. Champion Spark Plug Co. (C. C. A.) 282 F. 961; Ford Motor Co. v. Wilson (D. C.) 223 F. 808.

Tested by these principles, we are convinced that there was no infringement or unfair competition in appellant's advertisements on its cartons. The only language used therein which in any way refers to appellee's trade-marks is, "This calendar pad fits Perfection bases requiring No. 3 pads." Instead of the word "Perfection" the word "Gem" or "Jumbo Gem" was also used, and a different number was substituted for the number "3" in order to comply with the size of the pad sold or offered for sale. There is nothing in this language to convey to the purchaser the impression that the pads offered for sale by appellant are "Perfection," "Gem," or "Jumbo Gem" pads, or that they are made by appellee. The language used is warranted by Myles Standish Mfg. Co. v. Champion Spark Plug Co. (C. C. A.) 282 F. 961, and Ford Motor Co. v. Wilson (D. C.) 223 F. 808.

We think, however, that appellant is guilty of unfair competition in the use of the following language: "No. 13 pads punched same as former Columbian No. 33 and Perfection No. 3," and other like statements made with reference to "Perfection" and other named pads made by appellee. The word "former" may well be understood as applying to the pads manufactured by appellee as well as to those manufactured by appellant, and thus implying a discontinuance of their manufacture, and such implication is unquestionably harmful to appellee, as evidenced by the statements of the salesmen at the stores where witnesses Dosie and Parker attempted to purchase appellee's pads. It is quite true that appellant is not to be held for misstatements made by a retailer without express or implied authority from appellant; but we are convinced that the language used by appellant in its catalogue, and which is referred to above, fully warranted the salesmen in

making the statements attributed to them. The evidence shows no other basis for such statements. The court will not presume bad faith or bad conduct on the part of the salesmen, since their statements are fully warranted by the very clear implication arising from appellant's advertisement in the catalogue.

We think the evidence supports the charge of unfair competition as to the publication in appellant's catalogue, but not as to the cartons. There is no infringement as to either.

The decree of the District Court is hereby modified consistently with this opinion, and, when so modified, the decree is affirmed.