## NATIONAL ENAMELING & STAMPING CO. v. WHITE.

### No. 7990.

District Court, E. D. New York.

April 21, 1937.

Chadbourne, Wallace, Parke & Whiteside, of New York City (Casanave Young, of Washington, D. C., of counsel), for plaintiff.

Gilbert & Gilbert, of New York City (Godfrey Cohen, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is a suit for the alleged infringement of patent No. 1,327,858 issued to John

S. Brennan for Wick granted January 13, 1920, on an application filed August 18, 1919, and patent No. 1,403,229, issued to John S. Brennan for fabric for oil wicks, granted January 10, 1922, on an application filed December 27, 1920.

Also for the alleged infringement of Trade-Mark No. 145,755 registered by plaintiff on August 16, 1921, and Trade-Mark No. 311,607 registered by plaintiff on March 27, 1934, and for alleged unfair competition in trade.

The defendant has interposed an answer raising the defenses of invalidity and non-infringement of the patents in suit and denying infringement of plaintiff's trade-marks alleged herein, and denying unfair competition in trade with plaintiff.

As to patent No. 1,327,858, only claim 1 is in suit.

As to patent No. 1,403,229, all four of its claims are in suit.

Plaintiff has title to the patents and trade-mark registrations in suit.

The plaintiff is a corporation organized under the laws of the state of New Jersey with its principal place of business located in Milwaukee, Wis., and has for many years been engaged in the manufacture and sale of household and culinary articles under its trade-name "Nesco" derived from the initials of its corporate name. Plaintiff has, for more than twenty years, included in its business the manufacture and sale of oil and gasoline heaters and cook stoves, which it also sold under its trade-name "Nesco." Plaintiff has spent considerable money in national advertising and sales promotion and has established an extensive good will for its products.

The defendant is an individual, doing business under the style and name of White-bestos Company (not incorporated), within the district at Brooklyn, N. Y.

Plaintiff in connection with its sale of oil stoves and heaters does a large business in the sale of "Nesco" wicks which it claims are of special construction and covered by the patents in suit.

The wicks in question are furnished for replacement in plaintiff's stoves and those of similar type manufactured by others.

The wicks in issue are used in connection with burners using hydrocarbon fuel, such as kerosene and the like, and comprising a circular trough adjustable with relation to a fixed reservoir for determining the height of oil within the trough.

The wicks comprise similar bands positioned within the trough, which lift the fuel by capillary attraction to the upper edge of the wick that carries the flame.

The patentee in the specification of the first patent in suit, No. 1,327,858, describes what he contends is his invention as follows:

"My invention pertains to new and useful improvements in annular wicks for use in the burners of heating and cooking stoves which burn gaseous or liquid hydrocarbons as a fuel.

"It is well recognized that cotton and other wicks formed of combustible material are relatively inefficient in burners of the character mentioned, and this is equally true of wicks made from felted asbestos. In one case the life of the wick is short because it quickly becomes charred, and in the other case it becomes clogged with soot or the like and prevents a ready capillary action of the liquid fuel when such is used. The disadvantages of both of these types of wicks may be overcome by the use of a woven wick formed of threads or cords of asbestos. It is therefore the primary object of the invention to construct an annular wick of such material.

"It is also an object of the invention to provide a wick, the usefulness of which will be more than twice as great as that of the average wick of this character, this being carried out by the provision of a burning edge on each peripheral edge of the annular wick.

"A still further object is to provide a combined supporting strip for the wick material together with means for preventing the unraveling of the non-selvaged edges of the same."

The patentee in the specification of the second patent in suit No. 1,403,229 describes what he contends is his invention as follows:

"My invention refers to woven asbestos wick strips for oil burners of that general type, described in my Patent No. 1,327,858, dated January 13th, 1920.

"The primary object of my present invention is to provide a woven asbestos wick wherein the strands are reinforced by a wire core to materially increase the life of the wick, and to render the same of sufficient rigidity, whereby it would maintain its normal shape under high temperatures to which

it is subjected under ordinary usage. In wicks of this particular type, practice has demonstrated that in order to form the asbestos strands from which the ·wick is woven, a certain small percentage of cotton constituting, a binder is necessary, due to the fact that pure asbestos fibre is comparatively of. short lengths, and hence, for example, a portion of cotton fibre is used approximately 10 or 15%. The result in the use of the cotton, in woven wicks, is that the heat to which the wick is subjected, will result in the partial consumption of the cotton, whereby the wick, as a whole, becomes flabby and has a tendency to contract or sag about its burning edge.

"By adding a wire strand in the form of a core to certain or all of. the asbestos strands, the above objectionable features are overcome, as the metal core thus forms a rigid backbone,. upon which the woven structure. is built, and whereby it will maintain its normal shape under long usage.

"With the above objects in view, the invention consists in certain peculiarities of, construction .and combination of parts. * * *"

The patentee was not called as a witness and the plaintiff offered no testimony, but relied solely upon the stipulation and documentary evidence and physical exhibits.

■ . The defendant offered in evidence the following patents which, not having been specifically alleged, cannot be considered for the purpose of anticipation, but only as showing the state of the art:

British patent No. 104, A. D. 1886 issued to Alexander Morrison Taylor for improvements in wicks for burning paraffin wax or other solid or viscous hydrocarbons discloses a compound wick composed of cotton, asbestos, or other fibrous materials, and wires of copper or other metal interwoven, interlaced, or similarly combined for burning solid or viscous hydrocarbons. The material as shown in the drawings of that patent comes in ribbons with the longitudinal edges. selvaged.

British patent No. 26,910, A. D. 1896, issued to Richard Paulson for improvements in the construction of oil or other lamps,.and the wicks used in such, discloses a wick of asbestos or any fibrous material woven or combined with a fine wire.

Patent No. 689,327 issued to Hentir Sarafian for lamp wick, granted December 17, 1901, discloses an asbestos wick with cross wires· interwoven therein.

Patent No. 753,115 issued to Atwell J. Blackford, assignor to American Stove Company, for lighting ring granted February 23, 1934, discloses a wick composed of interwoven meshes of wire, asbestos thread, or cord.

Patent No. 253,666 issued to Gebhard Beck, assignor of one-half to George D. Streeter, for lamp wick granted February 14, 1882, discloses a lamp wick formed of one or more layers of mineral wool inclosed in a textile material.

Patent No. 204,621 issued to Henry· C. Scott for improvement in lamp wicks, granted June 4, 1878, discloses a wick made by combining asbestos or other mineral with filings or other particles of iron or other metal and reinforced by embedding within it wire gauze or its equivalent.

Patent No. 285,971 issued to Lewis E. Clow, assignor to one-half to John Beckwith,· for lamp wick granted October 2, 1883, discloses a wick with a textile woven casing with a woven wire center.

French patent No. 420,199 issued to Louis-Jean Joseph Andre and Charles Francois Buffard published January 24, 1911. No translation having been offered in evidence that patent cannot be considered.

Patent No. 722,987 issued to William R. Jeavons for initial-heating device for hydrocarbon burners granted March 17, 1933, discloses an asbestos wick with metallic supporting wall.

Patent No. 1,193,146 issued to Rudolph Hoffman, assignor to Sears, Roebuck & Co., for lighting ring granted August 1, 1916, discloses a lighting ring having a smooth upper edge of uniform height.

As to the first patent in suit No. 1,327,-858, only claim 1 reading as follows is in suit;

"1. An improved wick comprising a woven asbestos strip having its longitudinal edges selvaged, said strip being shaped to form a ring with its non-selvaged edges adjacent and parallel, and means for preventing said non-selvaged edges from unraveling."

■ As to the second patent in suit No. 1,403,229, all of its claims numbers 1, 2, 3, and 4·reading as follows are in suit:

"1. A wick strip adapted· to be fitted about a burner comprising a series of woven asbestos strands each strand having its own wire core.

"2. A wick strip adapted to be fitted about a burner, comprising a series of woven asbestos strands, the warp strands being provided with wire cords.

"3. As a new article of manufacture, a wick for oil burners comprising a series of interwoven strands each strand being composed of asbestos having wire reinforcing threads.

"4. A wick strip for oil burners comprising a series of woven asbestos strands, the strands having a small percentage of cotton therein and a wire thread."

Consideration of the prior art shows that it was not new with the patentee of the patents in suit to use cotton, asbestos, and wire interwoven as a wick for hydrocarbon fuels, nor was it new with him to use wicks with selvaged edges.

It seems to me that the prior art hereinbefore considered taught all that is claimed as the invention of the patents in suit, but if there be any question about it teaching the use of each strand of cotton and asbestos containing its own wire core, the use of such material as a brake lining and packing was well known prior to the earliest date of invention which is claimed for either of the patents in suit.

On all the evidence in this case it is established to my satisfaction that the patentee of the patents in suit did not invent or conceive the wick claimed in the patents in suit, but at the most all that the patentee can claim is the putting of an old and well-known material to a new use without any change in structure or substance.

█ Plaintiff contends that the use to which the patentee of the patents in suit puts the old and well-known brake lining and packing in his patents was not in an analogous art, but that has not been proved although the burden rested on the plaintiff to prove invention, nor is the presumption of validity based on the grant of the patents in suit sufficient to sustain them over the prior art.

Viewed from all the evidence offered on the trial of this case, there seems to be considerable analogy between the wicks and brake lining.

This clearly disposes of the second patent in suit No. 1,403,229 as not showing invention over the prior art.

█ Claim 1 of the first patent No. 1,327,-858 relates more to the formation of the fabric into a ring by means of a metal de-

vice shown and described in the patent than it does to the fabric. For the reasons I have hereinbefore assigned as to the second patent, there was no invention as to the fabric. The claim, as I read it, is for a metal strip fastened into the asbestos ribbon and shaped into a ring to fit the oil burner, and so made that the metal ring would protrude beyond the edges of the asbestos ribbon so that it could be bent around the edges and prevent the nonselvaged edge from unraveling.

█ The claim is for a combination not for a clip and while it is true the elements of the combination may all be old, the combination must produce a new and useful result or method in a new or different way. Certainly if there be any invention, it must reside in the peculiar construction of the metal ring in protruding beyond the edges of the asbestos ribbon so that it could be bent around the edges and prevent the nonselvaged edge from unraveling and could not reside in the use of old and well-known independent clips for that purpose.

The first patent in suit represents no substantial advance in the art and, if valid, is not entitled to a construction broad enough to cover defendant's device. The evidence does not show the formation of defendant's rings by any such device.

Defendant uses independent old and well-known clips and does not infringe the first patent in suit, No. 1,327,858.

As to the alleged infringement of plaintiff's trade-marks, it is divided into two distinct classes, those prior to April 12, 1935, and those subsequent to April 12, 1935.

No evidence was offered to show that any purchaser had been deceived or that any such wick had been sold as a Nesco Wick.

Plaintiff's wick was marked with no name whatever.

Any one who purchased the defendant's wick in a carton would not have been deceived and there is no proof that any were sold other than in cartons.

█ The defendant's wicks sold subsequent to April 12, 1935, when plaintiff requested the change have been properly marked, as the box only had theretofore been marked, stating that it was a "Whitebestos Wick," "Made in the U. S. A. by Whitebestos," "For Nesco Oil Stove," and this was not an infringement even under American Safety Razor Corporation v. International Safety

Razor Corporation et. al. (D.C.) 26 F.(2d) 108, and Ford Motor Co. v. Wilson (D.C.) 223 F. 808, cited by the plaintiff.

As to unfair competition in trade, it is clearly shown that defendant does not copy any nonessential elements of the patents and does mark its product with the name of his company as manufacturer and does not copy the plaintiff's package. No attempt to deceive has been shown, nor has it been shown that any purchaser was deceived and I cannot find any unfair competition.

The first patent in suit No. 1,327,858 is not infringed by the defendant, the second patent in suit is invalid for lack of invention over the prior art, the trade-marks in suit are not infringed by the defendant, and the defendant has not been guilty of unfair competition.

A decree may be entered in favor of the defendant against the plaintiff dismissing the complaint on the merits with costs.

Submit proposed findings of fact and conclusions of law in accordance with this opinion for the assistance of the court as provided by Rule 70½ of the Equity Rules (28 U.S.C.A. following section 723) and Rule 11 of the Equity Rules of this court.